**KOLP v STEVENS ct, Etc**

Ohio Appeals, 5th Dist, Stark Co

Decided Feb 8, 1933

Paul J. Gnau, Canton, for plaintiff in error.

Black, McCuskey, Ruff & Souers, Canton, and Donald K. Merwin, for defendants in error.

## OPINION

By SHERICK, J.

The errors complained of, in brief and oral argument, are two in number, the first of which only need be considered, and which is that the trial court erred in charging the jury upon an issue of contributory negligence.

It is agreed between counsel, and corroborated by our examination of the record, that no affirmative proof was offered by the defendants in support of the second defense. The defendants say that the plaintiff's own evidence suggests that he was negligent and that, therefore, the issue was made and the charge was proper. They further contend that the plaintiff's claim of negligence, that is, the falling of the cupboard, is based wholly upon inference and presumption, and that, therefore, it is just as logical to presume contributory negligence as negligence therefrom. If this be true, it practically recognizes the rule of evidence of res ipsa loquitor as to the plaintiff's case, and avoids liability without an affirmative explanation thereof, which to our notion cannot be so summarily avoided. The rule that the thing speaks for itself was not invoked by the plaintiff in this suit, but the issue was made and the

case tried on the theory of the recognized exception to the rule of independent contractor, which is applied in **Warden v Pennsylvania Rd. Co., 123 Oh St, 304, 175 NE, 207.** The defendants also argue that the negligent act complained of was a pure "accident," as the word is used in its strictest legal sense.

Having these apparently conflicting claims in mind, we have searched the record and find that there is proof therein that the razing of the buildings and the sale of fixtures therefrom was a hazardous and dangerous undertaking; that is, dangerous to this plaintiff and the public. We further find from the evidence of Kumpf that the base of the cupboard was uneven; that it was liable to topple over; that he (Kumpf) ordered his men to tilt it back against the wall; and that Kumpf did not examine to see if the tilting was sufficient to place its center of gravity in such position that it would not fall; that the plaintiff did not touch the cupboard; that the top part of the cupboard in its fall struck the plaintiff's right heel as he was going away from it. From these facts the inferences might logically be drawn that the cupboard was negligently balanced against the wall and was a potentially dangerous instrumentality, liable to fall at any time.

We also find from Kumpf's testimony that the defendants' superintendent was in charge of the work and that he was about daily and gave some orders in respect to which part of the work should be first done. We further are unable to find any bit of evidence on the part of the plaintiff that suggests any negligence, or any fact or circumstance that might be a basis of any reasonable inference or presumption thereof.

One further comment might be made concerning the plaintiff's evidence. The defendants point out that the plaintiff, Kumpf, and one Baird, who was the only eye-witness to the fall of the cupboard, all say that it looked secure and that they could see that it was not fastened to the wall. Therefrom they argue that these facts presage plaintiff's negligence in approaching it. We do not think so. The plaintiff had a right to presume that the cupboard had been so placed and tilted that it was predisposed to lean against the wall rather than away from it. The logical inference would be that it would stand rather than fall.

The Ohio rule is well established that contributory negligence is an affirmative defense, and it is axiomatic that he who affirms must prove. It is said in **Scovanner v Toelke, 119 Oh St, 256, 163 NE, 493,** that "negligence is never presumed, and the burden of proving it is always imposed upon the party asserting it. This burden is met by introducing testimony sufficient to cause the court to believe it probable" that the other party was negligent. Contributory negligence admits the asserter's negligence and charges the other with negligence. The rule of the Scovanner case should and does meet both situations.

Now, presumptions arise from the doctrine of probabilities; that is, what has happened in the past will undoubtedly re-occur in the future. It is not probable that the plaintiff was negligent, hence it must follow that a presumption of negligence is not entertainable. If the plaintiff's evidence, however, suggested that he had been negligent, and the facts and circumstances or the reasonable inferences deductible therefrom so suggested, and this had not been counterbalanced by other evidence to the contrary, then contributory negligence might have been an issue in this case; because a defendant is not limited to his own evidence in proof of the issue of contributory negligence, for it may be strengthened from the plaintiff's own testimony, even to the extent of warranting the court to direct a verdict on the issue at the conclusion of the plaintiff's case.

As previously pointed out, there is no fact or circumstance, or reasonable inference baseable thereon, suggesting that the plaintiff was negligent, and such being true, the issue of contributory negligence herein became a strictly affirmative defense, and, inasmuch as no affirmative proof was offered on this defense, we must conclude that an issue of contributory negligence was not in this suit and that a charge thereon was erroneous.

Now, the defendants say that even if the charge given was erroneously given, it was not prejudicially so, because there were two other issues properly submitted to the jury, which were presented free from error, and hence the two issue rule has direct application.

The issues of the case may be enumerated as follows: There was first the issue of mixed law and fact of responsibility of the defendants for the negligence of the independent contractor; second, were the defendants negligent in any respect charged, and, if so, was such the direct or proximate cause contributing to the plaintiff's injury; third, was the plaintiff injured and

to what extent was he damaged? The third issue is, in fact, further narrowed in that it is conceded that the plaintiff did sustain some injury. The defendants, of course, rely on the recent case of **Knisely v Community Traction Co., 125 Oh St, 131, 180 NE, 654.**

We would point out that the charge of the court in the case now before us does not present a question of an erroneous charge on an issue involved in the case, but the present situation is the injection into a case of an abstract proposition of law, as the law of the case, on an issue which was not in the case at all. It is not a question, therefore, of an erroneous but proper charge, which is the basis of the two-issue rule of **Sites v Haverstick, 23 Oh St, 626.**

When the court charged the jury on the question of contributory negligence, he in substance, and in fact, said to them that they might find that the plaintiff was negligent if they found that the defendants were negligent, and deny recovery. Had the jury been directly told, as they should have been instructed that contributory negligence was not an issue before them, or that there was no proof of any degree or kind in the evidence to the effect that the plaintiff was negligent, the verdict might have been otherwise. It all amounted to this: There being no such proof of plaintiff's negligence, the jury was instructed and permitted to speculate, and perhaps to assume, that it was the plaintiff's duty to prove that he was not negligent. This is not the Ohio rule.

By charging contributory negligence, the true issues of the case were confused, and the jury led afield, and an unwarranted burden was cast upon the plaintiff to overcome a suggestion of plaintiff's negligence, engendered by the court's charge, when there was no proof thereof. A litigant is entitled to have the issues of his cause submitted to the jury unincumbered with abstract propositions of law, adverse to his interest, on questions not presented by the evidence.

It is urged as a second ground of error that the court's charge on the matter of liability of the defendants for the acts of the independent contractor was misleading and improper. We do not find it necessary to consider this question.

For the reasons assigned, the judgment is reversed, and the cause remanded.

Judgment reversed and cause remanded.

GARVER, PJ, and LEMERT, J, concur.