## NORRIS v MINGO JUNCTION (city)

Ohio Appeals, 7th Dist, Jefferson Co

Decided May 28, 1936

Brown & Ong, Steubenville, for plaintiff in error.

Hugo F. Chestosky, Steubenville, and Lawrence M. Sedgwick, Steubenville, for defendant in error.

### OPINION

By NICHOLS, J.

On the 14th day of June, 1934, Mildred Norris, a minor, by Floyd Norris, her father and next friend, filed her action in the Court of Common Pleas of Jefferson County, Ohio, against the city of Mingo Junction, Ohio, praying damages in the sum of $5,000 for personal injuries claimed to have been sustained by reason of the alleged negligence of the city of Mingo Junction. The parties will be referred to herein as they appeared in the Common Pleas Court.

In her amended petition it is alleged that plaintiff is a minor eighteen years of age and brings the action by her father; that the defendant, the city of Mingo Junction, Ohio, is and was at all times mentioned a municipal corporation organized and existing under the laws of the State of Ohio; that Clifton Avenue is a duly dedicated and accepted public highway in the village; that on the southerly side of the highway at the location complained of is a declivity extending precipitously for a distance of more than fifty feet to the Pennsylvania Railroad Company's right of way, and that the improved portion of the highway at such location is eight feet wide and extends to the edge of the declivity; that the improved surface of the highway was covered with soft and porous material of a slag and ashes composition having a tendency to wear and become rough by the influence of the weather and erosion; that on the 28th day of January, 1933, a part of the road so covered with ashes and slag was washed by erosion, deteriorated by the influences of the weather and sunken by reason of sub-surface receding, so that there was a deep depression therein of about four feet in length and about two feet or more in width, adjoining the declivity; that by reason of such depression of the declivity contiguous to the improved roadway, and of the absence of a guard rail or light to warn drivers of vehicles and others of such condition, the roadway was out of repair and dangerous, which condition was well known to the defendant, its officers and agents.

In plaintiff's amended petition it is further averred that on or about the 28th day of January, 1933, at 8:30 o'clock P. M., plaintiff was riding in a Star touring car which was being driven by Arthur Dawson along such street in an easterly direction; that upon reaching the location of the depression in the improved part of the road, by reason of the right wheels of the car entering the depression, the car was jolted, whereby as a result therefrom it rolled down the declivity to the railroad right of way below, carrying plaintiff therewith, and whereby she received severe and permanent injuries which are described in the amended petition.

To the amended petition of plaintiff, the city of Mingo Junction, Ohio, filed its answer in which it denies each and every allegation contained therein. Contributory negligence is not plead by the defendant.

The cause was tried to a jury in the Common Pleas Court of Jefferson County and resulted in a verdict for the defendant. The cause is now in the Court of Appeals on error. The errors complained of on behalf of plaintiff are embraced within the following propositions:

1. That the court charged the jury in its general charge upon the subject of contributory negligence of the plaintiff, it being contended by counsel for plaintiff that the issue of contributory negligence arose neither by the pleadings nor by the evidence;

2. That the verdict of the jury is against the manifest weight of the evidence in that there was no evidence of contributory negligence on the part of the plaintiff, and is further against the manifest weight of the evidence upon the subject of the negligence of the defendant.

The further claim is made that the charge of the court upon the subject of contributory negligence was erroneous, to which proposition we will herein later refer.

There is no claim upon the part of counsel for the plaintiff that the trial court committed any error in the submission of the cause to the jury upon the question of the negligence of the defendant or in the introduction or exclusion of evidence, but it is urgently contended by counsel for plaintiff that there is no evidence in the record warranting a charge upon the subject of contributory negligence. Hence, it is first necessary to a disposition of this case to determine whether the issue of contributory negligence arose from the evidence, the issue not having been pleaded. If contributory negligence did not become an issue under the evidence, it is quite clear to this court that the trial court committed prejudicial error in charging upon that issue, and in that event we need give no further consideration to other errors claimed.

We quote from the syllabus in the case of **Kolp v Stevens et, Partners, d.b.a. H. L. Stevens & Co., 45 Oh Ap 147, 186 NE 821, (15 Abs 14).**

"3. Where plaintiff's evidence did not show contributory negligence, issue of contributory negligence was strictly affirmative defense, and where no affirmative proof was offered on defense, charge thereon was erroneous.

"4. Where issue of contributory negligence was not an issue, charge thereon held prejudicial though there were two other issues properly submitted to jury.

"5. Litigant is entitled to have issues of cause submitted to jury unincumbered with

abstract propositions of law adverse to his interest, on questions not presented by evidence."

The issue of negligence upon the part of the defendant having been properly submitted to the jury, it is equally clear to this court that if contributory negligence arose from the evidence any error of the trial court upon the charge thereon would not be prejudicial and the verdict of the Common Pleas Court must be affirmed under the two-issue rule first announced in the case of Sites v Haverstick, 23 Oh St 626, and recently reaffirmed by the Supreme Court in the case of Knisely v Community Traction Co., 125 Oh St 131, 180 NE 654, subject only to the question whether the verdict of the jury is against the manifest weight of the evidence in either of the respects claimed by counsel for plaintiff.

Upon this subject we refer to the able opinion of Sherick, J., of the Fifth Appellate District, in the case of Kolp v Stevens, supra.

Proceeding first to a determination of whether the issue of contributory negligence arose from the evidence in this case, we find from a careful examination of the record that such issue did not arise unless it be from the undisputed fact that upon the occasion in question three persons, including the driver, to the knowledge of the plaintiff were in the front seat of the automobile in which plaintiff was riding, she being one of four persons in the rear seat thereof. It arose from plaintiff's evidence that to the knowledge of the plaintiff, the driver of the automobile and two other persons were in the front seat thereof at the time the automobile was being operated on Clifton Avenue and went over the declivity.

In the recent case of Sheen v Kubiac, 131 Oh St 52, 1 NE (2d) 943, which case was certified by this court to the Supreme Court of Ohio, it is held in the syllabus:

"2. Whether the presence of three persons in the front seat of an automobile furnishes a basis for a charge on negligence must depend, in the absence of statute or ordinance, upon the particular circumstances of the case."

In the case of Sheen v Kubiac, supra, the trial court charged upon the subject of contributory negligence. In the opinion of the case in the Supreme Court it is stated:

"The court was likewise correct in charging upon the subject of contributory negligence. It is conceded that the plaintiff was riding in the same seat with her daughter and son-in-law, but she insists that the mere presence of three people in the front seat of an automobile is no evidence of negligence. This question caused some difficulty in the courts below, and it is the point of conflict upon which the case was certified to this court. In the absence of statute or ordinance, a reasonable rule for such a situation should require an examination of the particular circumstances involved. If the seat were of unusual width, or if some of the people were children or adults of less than normal size, this would seem to furnish no basis for a charge on contributory negligence. However, there is no evidence in this case to indicate anything in this respect other than an ordinary automobile seat and three adults of normal size. Therefore the trial court properly considered the situation as one for submission to the jury on the questions of contributory negligence and proximate cause."

Under the rule laid down in the above quoted syllabus in Sheen v Kubiac, supra, we are required to look to the particular circumstances of the case at bar to determine whether the trial court properly charged upon the subject of contributory negligence; and looking to the record we find that the evidence discloses that the three persons occupying the front seat of the automobile in question at the time of the occurrences alleged in the petition were: Arthur Dawson, a young man twenty-one years of age, the driver of the automobile; next, to the right of the driver, was Doris Birch, a girl then sixteen years of age weighing about one hundred eighteen pounds; and next, on the right of Doris Birch, was her sister Florence Birch, a girl thirteen years of age weighing about ninety-eight pounds.

The driver of the automobile testified as follows:

"Q. Did you measure the width of the seat of that car? A. Yes, sir, I did.

Q. What was the width of the seat? A. It was forty-five inches at the bottom and the top was forty-seven.

Q. Where—was there any crowding in the front seat when the two girls got in, as you describe? A. No, there wasn't; I had plenty of room.

Q. Had you ridden that way before with them? A. Yes, sir; plenty of times.

Q. Had you plenty of room to operate your brakes? A. Yes, I had lots of room. Q. To shift the gears? A. Yes, sir."

The foregoing facts were all brought out upon the presentation of plaintiff's case, and we find nothing in the record whereby these facts as to the width of the seat, the age and weight of the occupants, were in any manner disputed; nor do we find any evidence of the driver of the car that he had plenty of room to operate the same; nor is there any evidence from which the jury might infer that the automobile in question went over the embankment because of any inability of the driver to operate the car with the three persons mentioned in the front seat thereof.

Under these conditions, we are of the opinion that the issue of contributory negligence did not arise in this case and that the trial court erred in submitting the issue to the jury, to the prejudice of the plaintiff below, and whereby we find that substantial justice has not been done and that the judgment of the trial court must be reversed and this cause remanded.

It is apparent that if the uncontradicted evidence in this case discloses that the driver of the automobile in question was in no way impeded or restricted in the operation of the automobile by reason of the presence of the three persons in the front seat thereof, there could be no contributory negligence upon the part of the plaintiff by reason of the presence of three persons in the front seat thereof.

Having so determined, it is unnecessary to consider whether the charge of the trial court upon the subject of contributory negligence was or was not correct; nor do we find it necessary to pass upon the weight of the evidence other than as hereinabove indicated.

The judgment of the trial court is reversed and the cause remanded.

Judgment reversed and cause remanded.

CARTER and ROBERTS, JJ, concur.

By NICHOLS, J.

All of the members of our court concur in the foregoing opinion and judgment, but for myself I wish to make it clear that I am not in accord with the above quoted syllabus and language of the Supreme Court in **Sheen v Kubiac, 131 Oh St 52, 1 NE (2d) 943.**

The well-recognized rule has theretofore been that if a reasonable inference of contributory negligence arises from the plaintiff's case, the court must charge on contributory negligence and it is for the jury to determine whether the whole of plaintiff's evidence aided by that of the defendant, is sufficient to counter-balance or rebut such inference of contributory negligence unless, of course, reasonable minds could come to no other conclusion from the evidence than that plaintiff was guilty of negligence which was a proximate cause of his injuries, in which event it would be the duty of the trial court on motion to direct a verdict for defendant.

In the decision of Sheen v Kubiac, supra, it was not, in my opinion, necessary to a decision of the case for the Supreme Court to lay down the rule stated in the syllabus or to make the above quoted remarks in the opinion. It was necessary to a decision of the case only that the Supreme Court determine whether three adult persons of ordinary size riding in the front seat of an automobile, without any other evidence, gave rise to a reasonable inference of contributory negligence requiring the court to charge thereon. The language of the Supreme Court in the opinion is vague and indefinite and lays down no rule which will be a safe guide for the lower courts.

The rule laid down in the syllabus of Sheen v Kubiac, supra, requires the court to usurp the functions of the jury in weighing the testimony to determine whether the inference of contributory negligence arising from plaintiff's case has been counterbalanced or rebutted by all the evidence.

Although I feel bound by the decision of the Supreme Court in Sheen v Kubiac until that court shall speak further upon the subject, I am of opinion that the better rule would be to require the court to charge upon the subject of contributory negligence in every case where it affirmatively appears that three persons occupied the front seat of an automobile, and allow the jury to determine this issue. The verdict may always be tested by interrogatories which will control. This suggested rule may tend to lessen the toll of deaths and injuries from automobile accidents. It is significant that within a week this court has been called upon to review another case wherein two of the three adult persons occupying the front seat of an automobile met death and the third received serious injuries in a collision of the auto with a truck,