**McCRATE v. MORGAN PACKING CO. et al.**

No. 8407.

Circuit Court of Appeals, Sixth Circuit.

Feb. 6, 1941.

For original opinion, see 116 F.2d 498.

R. W. Shumaker, of Toledo, Ohio (Knepper, White & Dempsey, of Columbus, Ohio, Fraser, Effler, Shumaker & Winn, of Toledo, Ohio, Wm. E. Knepper, of Columbus, Ohio, and Ross W. Shumaker, of Toledo, Ohio, on the brief), for appellant.

C. M. Cable, of Lima, Ohio (Cable & Cable, of Lima, Ohio, on the brief), for appellees.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a judgment entered on a verdict for appellees in a personal injury case. The questions presented arise out of the charge of the District Court. The accident occurred as follows:

On December 30, 1937, at about midnight, Robert Hipp was driving with appellant, a young woman of about twenty-four years of age, and her sister, in his Ford coach automobile, from St. Mary's, Ohio, to Wapakoneta, Ohio, in an easterly direction along Ohio State Route No. 32. Hipp and his two passengers were all seated in the front seat. Frost or ice had

formed upon the pavement, which was brick, making it very slippery. As Hipp proceeded east on the highway, which at the point of accident was substantially level, he came up behind a truck and trailer driven by Zelda Bowman, who was also proceeding in an easterly direction. Hipp pulled out to see whether he could pass around the truck, and saw appellee's westbound tractor and trailer, driven by Richard Curtis, some 40 rods distant. Hipp pulled back behind the east-bound truck, but his car skidded back and forth and finally turned across the pavement, blocking the north side of the highway. Hipp says that the Ford came to a stop while the truck was 150 to 200 feet away, but it proceeded onward and crashed into the left side of the Ford car, seriously injuring appellant. The tractor driven by Curtis suffered substantial damage.

The District Court's charge included the subject of contributory negligence, called attention to appellees' claim that the Ford was overcrowded, and left it to the jury to decide what appellant could "have done under the circumstances," and whether this alleged crowded condition, or any failure of appellant to exercise due care, constituted negligence on her part contributing to her injuries.

We think the judgment must be reversed upon the ground that there is no evidence of contributory negligence in the record.

Under Ohio decisions, which are controlling here (Erie Rd. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487), the fact that all occupants of the Ford sat in the front seat does not of itself constitute contributory negligence on the part of the passengers. Whether such condition constitutes negligence depends upon the particular circumstances of the case, and may present a question for the jury. Sheen v. Kubiac, 131 Ohio St. 52, 1 N.E.2d 943. But where the uncontroverted evidence discloses that the driver was in no way restricted in the operation of the automobile by the presence of three persons, including himself, in the front seat of his car, a passenger cannot be charged with contributory negligence on this account. Norris v. City of Mingo Junction, 55 Ohio App. 288, 294, 9 N.E.2d 742. To the same effect is Obrecht v. Tallentire, 43 Ohio App. 376, 183 N.E. 295. The Norris case is squarely in point on the facts, measurement of the seat, and the weight of the occupants of the front

seat being almost identical with the facts of the instant case. Hipp testified that he was in no way impeded nor was his vision obstructed, and no other evidence on the question is presented.

Appellant was under no duty, under the facts of this record, to warn the driver, nor to attempt to control his operation of the vehicle. Everything that appellant could see was equally visible to Hipp, and there was nothing to indicate to appellant that there was danger of a collision until it was imminent, and nothing that she could do would affect the result. Engler v. Reed, Adm'r, 53 Ohio App. 15, 4 N.E.2d 170. She had a right to assume that the driver knew how to operate the car and that he was driving properly, and her failure to remonstrate with him as to the manner of operation did not constitute contributory negligence. Cleveland Ry. Co. v. Heller, 15 Ohio App. 346; Smith v. Cleveland Ry. Co., 30 Ohio App. 21, 164 N.E. 59; Metzger v. Yellow Taxicab Co., 48 Ohio App. 275, 193 N.E. 75.

Appellees urge, however, that under the two-issue rule of the Ohio courts it is not shown that this error was prejudicial, for it does not appear that the jury may not have returned its verdict upon the ground of sole negligence of Hipp, or lack of negligence on the part of Curtis, appellees' driver. The two-issue rule is that if the case presents two separate issues, and if one issue, complete in itself as a cause of action or defense, is submitted to the jury free from error, and the jury returns a general verdict and there is nothing to indicate upon which issue the general verdict is grounded, the issue which presents the claimed error may be disregarded. Sites v. Haverstick, 23 Ohio St. 626; Knisely v. Community Traction Co., 125 Ohio St. 131, 180 N.E. 654. However, this rule does not apply where one of the issues submitted to the jury is entirely unsupported by the evidence. Kolp v. Stevens, 45 Ohio App. 147, 186 N.E. 821. As pointed out in that decision (45 Ohio App. at page 152, 186 N.E. 821), the court's charge upon contributory negligence where the record presents no evidence upon that subject injects into the case an abstract proposition of law on an issue which is not in the case at all. It is not a question, therefore, of an erroneous charge upon an issue in the case which is the basis of the two-issue rule established by Sites v. Haverstick, supra. There is no

decision of the Supreme Court of Ohio upon this precise point. The decision of the intermediate appellate court, therefore, is binding upon us here. West v. American Telephone & Telegraph Co., 61 S.Ct. 179, 85 L.Ed. ——, decided December 9, 1940. We conclude that under Ohio law, prejudicial error was committed by the District Court in permitting the jury to speculate upon the question of contributory negligence when no such evidence was presented in the record (Engler v. Reed, supra; Kolp v. Stevens, supra), and that the case must be remanded for retrial.

While other exceptions are made to the charge, only one presents a ruling prejudicial to the appellant. In the general charge the District Court left it to the jury to find the combined weight of the tractor, trailer and the load, driven by Curtis. This was important because under Section 7249, General Code of Ohio, if the maximum weight of the vehicle and load was three tons, and not more than six tons, 25 miles an hour was the speed limit provided outside of municipal corporations, while if the combined weight of the tractor and load was in excess of six tons, the speed limit outside of municipal corporations was 20 miles an hour. As the question of excessive speed of the west-bound tractor and trailer was material, affecting the charge of Curtis' failure to control appellees' vehicle, as well as the charge of speed itself, this issue was of fundamental importance. Curtis made statements to two police officers immediately after the accident, that he was driving 25 miles per hour. Bowman estimated that Curtis was driving 20 miles an hour. The combined weight of the trailer and tractor concededly was about 11,520 pounds. Deputy Bubp, of the St. Mary's police force, testified that Curtis told him after the accident that he had a load of 6,000 pounds on the truck, and Curtis admitted at the trial that he had made a similar statement to the deputy sheriff of Auglaize County. While Curtis refused at the trial to testify definitely as to the weight of the load, precise statements upon the subject admitted by him to have been made immediately after the accident are evidence of the weight. Upon the conceded facts, the weight of the tractor, trailer and load was more than 12,000 pounds, and the 20-mile speed limit applied. If the jury found that the weight of the vehicle was less than 12,000 pounds and that the 25-mile speed limit applied,

this point may well have been decisive in favor of appellees. Since there was no dispute as to the facts, the court should have charged the jury that the 20-mile speed limit was controlling.

The judgment is reversed and the case is remanded for retrial in accordance with this opinion.