**PEARLSTEIN, Plaintiff-Appellant, v. A. M. McGREGOR HOME, ET AL, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20444. Decided February 10, 1947.

Harry J. Dworkin, Cleveland, Elsie R. Tarcai, Cleveland, for Plaintiff-Appellant.

A. W. Thomas, Duncan & Thomas, for Defendants-Appellees.

## OPINION

By HURD, J.:

This is an appeal on questions of law from a judgment of the Court of Common Pleas, wherein a verdict and judgment was rendered in favor of the defendant in a personal injury action, predicated upon the alleged negligence of the defendant in permitting a stairway in an apartment house to remain unlighted after dark and in obstructing the landing thereof by a garbage can over which the plaintiff claims to have fallen and to have suffered certain injuries as a result thereof.

During the course of the general charge to the jury the court instructed the jury as follows:

"* * * If you find that the plaintiff was not in the exercise of ordinary care for her own safety **if you find that she tripped over a high heel or some other cause,** or due to her own inadvertance or negligence, she could not recover at your hands." (Emphasis ours.)

There is no evidence that the plaintiff was wearing high heel shoes. Therefore this charge was prejudicially erroneous. It is settled that it is prejudicial and reversible error to inject into a case issues not raised by the pleadings or evidence.

See: **2 O. Jur., Appeal & Error, Parag. 774, p. 952:**

"Injecting New Issues Into Case: It is clearly reversible error for the court in its instructions to inject into the case issues and questions not raised by the pleadings or evidence, if they have a tendency to confuse the questions properly in the case and to mislead the jury to the prejudice of the plaintiff in error. This rule has found frequent application in negligence actions where the court has brought into its charge elements of negligence which were not alleged in the pleadings or shown by the evidence."

See also:

Langabaugh v Anderson, 68 Oh St 131.

Wuest v Baltimore R. R. Co., 5 O. C. C. (N. S.) 619.

2 O. Jur., Appeal & Error, page 960.

Lake Shore R. R. Co v Reynolds, 21 O. C. C., 402.

Cincinnati Ry. Co. v Burkhardt, 10 O. C. C., 543, affirmed in 82 Oh St 463.

Helton v Northern Amusement Co., 62 Oh Ap 470.

Cincinnati Traction Co. v Forrest, 73 Oh St 1.

Tarian v City of Alliance, 66 Oh Ap 423.

Weybright v Fleming, 40 Oh St 52.

Another ground of error assigned is that during the course of the trial the court permitted the defendant, over objection, to develop in great detail and to a considerable extent, the charitable and eleemosynary objects and purposes of the defendant. It is true that the defendant in this case is a charitable organization. However, the ownership and operation of the apartment house in question is not a charitable activity. The emphasis placed upon the charitable character of the organization to the extent allowed by the court was likewise prejudicial, inasmuch as such evidence had a tendency unduly to favor the defendant in a matter which was not in issue.

See 17 O. Jur., Evidence: parag. 166, page 214.

Thompson v Keer, 51 N. E. (2d) 742, 39 Abs. 113. (Motion to certify overruled May 26, 1943).

City of Galion v Lauer, 55 Oh St 392.

For the reasons stated the judgment of the Court of Common Pleas is reversed and the cause is remanded for further proceedings according to law.

SKEEL, PJ, MORGAN J, concur.