GAROZYNSKI *v.* DANIEL

[No. 84, October Term, 1947.]

*Decided February 19, 1948.*

2

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Robert E. Coughlin, Jr.,* with whom was *Clark, Thomsen & Smith* on the brief, for the appellant.

*Hyman Ginsberg,* with whom were *Stanley R. Bossard, Ginsberg & Ginsberg* and *Amzi B. Dreher* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment of the Superior Court of Baltimore City in the amount of $27,500 in an action for personal injuries and property damage sustained by the plaintiff in an automobile accident.

On the night of March 19, 1945, the plaintiff, a young man 25 years of age, employed by the Glenn L. Martin Company, had parked his automobile at the curb, heading west, on the north side of Fayette Street between Belnord and Kenwood Avenues. About midnight, he escorted his fiancee, whom he has since married, to the right door of the car, which she entered. He walked around the rear of the car and was about to enter the left door when he was struck by the defendant's automobile.

The defendant, a tavern-keeper, was driving East on Fayette Street, which is about 35 feet wide in that block. and swerved from the south to the north side of the street into the parked car. The weather was clear and the streets dry. There was evidence that the defendant was driving at a rate of forty miles per hour, and that he was highly intoxicated. A police officer testified that the defendant told him he did not know how the accident happened. At the trial the defendant testified that he swerved to avoid striking a man who "jumps out between two automobiles" along the south curb about eighty feet west of the parked car. He insisted that the

accident happened near the intersection of Fayette Street and Belnord Avenue. Two disinterested witnesses testified that there were no cars parked at the south curb, and that they saw no one step off the south curb in the path of the defendant's car.

The plaintiff sustained severe, painful and permanent injuries. His left femur was fractured. After a long hospitalization, the bone did not heal, and it was necessary to graft bone taken from his right shin. Both legs were kept in a plaster cast from June, 1946 until January, 1947, and the operation left scars on the left thigh and right shin. He has a permanent disability of the leg estimated in medical testimony at 70 per cent. At the time of the trial, in June, 1947, he was wearing a brace.

The defendant contends that the trial court erred (1) in instructing the jury, as a matter of law, that there was no evidence of contributory negligence on the part of the plaintiff, (2) in refusing to embody in the charge requested instructions as to duty in an emergency and unavoidable accident, and (3) in admitting a photograph showing the plaintiff in bed with a cast on his body and legs, and in permitting the plaintiff to exhibit his scars to the jury.

The appellant does not contend that it was negligence, as a matter of law, for the plaintiff to have entered his automobile on the left side facing, or nearest to, traffic. He offered no prayer to that effect. He contends, however, that the jury should have been instructed that they could find that the plaintiff was negligent and contributed to the happening of the accident by getting into his automobile from the street, rather than the sidewalk. In his charge, the court said: "There is no evidence that the plaintiff was negligent. He was next to his car and not in the traffic lane of Mr. Garozynski." The appellant excepted to this portion of the charge. We find no error in the instruction.

The plaintiff had a right to enter his car from the street, and was not bound to anticipate that the defendant would violate the rule of the road and suddenly cross

into the opposite lane of traffic. There was no evidence that the plaintiff could have seen the defendant's maneuver in time to avoid the oncoming car. To state the proposition in another way, the undisputed evidence tends to show that the proximate cause of the accident was either the defendant's lack of control due to his condition and the speed at which he was driving, or the negligent act of a third person in entering the highway between parked cars, or a combination of the two. In any event the presence of the plaintiff alongside his parked car was simply coincidental, and had no more to do with the accident than the presence of the parked car itself.

We have found no case in Maryland in which a peremptory instruction of this kind has been granted. However, in the recent case of *Mitchell v. Dowdy*, 184 Md. 634, 639, 42 A. 2d 717, 719, the plaintiffs offered prayers to the effect that there was no evidence legally sufficient to establish contributory negligence on their part. In holding that the prayers were properly refused under the circumstances, we said: "In order to rule that there was no contributory negligence on the part of either plaintiff, it would be necessary for the Court to find that as to contributory negligence the facts were undisputed and that only one reasonable inference could be drawn and that was that there was no contributory negligence on the part of the plaintiff." Rule 4 (III, Trials, Rules of Practice and Procedure) provides that "In any proceeding tried by jury any party may move, at the close of the evidence offered by an opponent or at the close of all the evidence, for a directed verdict in his favor on any or all of the issues." We perceive no reason why a peremptory instruction should not be granted at the instance of either party, if the circumstances permit of only one inference. Compare *Pennsylvania R. Co. v. State, to Use of Brewer*, 188 Md. 646, 53 A. 2d 562.

The jury should not be permitted to base a verdict on legally insufficient evidence. In *Peake v. Ramsey*, D. C. Mun. App., 43 A. 2d 763, 765, the court said: "Ordinarily, contributory negligence is a question for the jury, but

where there is no basis in the evidence for a finding of contributory negligence, it is error to instruct on the subject and thereby submit to the jury an issue outside the evidence. *McCrate v. Morgan Packing Co.,* 6 Cir., 117 F. 2d 702; *Epperson v. Wright,* 277 Ky. 205, 126 S. W. 2d 123; *Engler v. Reed,* 53 Ohio App. 15, 4 N. E. 2d 170." The *McCrate* case was affirmed in 6 Cir., 135 F. 2d 742. See also *Whiting v. Andrus,* 173 Or. 133, 144 P. 2d 501. The fact that these were all guest cases does not affect the principle involved.

The court's charge fully covered, although in different words, the issue as to defendant's negligence, accepting his testimony that he was confronted by an emergency. Compare *Harner v. Russell,* 185 Md. 519, 45 A. 2d 273, and *Newman v. Stocker,* 161 Md. 552, 157 A. 761. The court declined to charge the jury that they might find that the plaintiff's injuries were due to an unavoidable accident, on the ground that such a theory was "not appropriate to the case". We find no error in the ruling. Compare *Vizzini v. Dopkin,* 176 Md. 639, 6 A. 2d 637, and cases there cited.

There is no merit in the appellant's contention that the court erred in admitting a photograph of the plaintiff in a cast, and in permitting the exhibition of the plaintiff's scars to the jury. These matters "must be left largely to the trial court's discretion". *Kirsch v. Ford,* 170 Md. 90, 94, 183 A. 240, 241; *Yellow Cab Co. v. Henderson,* 183 Md. 546, 555, 39 A. 2d 546. We find no abuse of the trial court's discretion.

*Judgment affirmed, with costs.*