**BRITTON, Plaintiff-Appellant, v. LAKEWOOD (City), Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21896.   Decided December 11, 1950.

Kuth & Meyers, Cleveland, for plaintiff-appellant.

Charles J. Ross, Director of Law, Cleveland, for defendant-appellee.

(CONN, PJ, CARPENTER, J, and FESS, J, of the Sixth District sitting by designation in the Eighth District.)

### OPINION

By CARPENTER, J.:

The plaintiff alleged and her evidence tended to prove that she sustained an injury from a fall when she stepped into a hole on the tree lawn of one of the defendant's streets and that the hole was covered with grass and weeds and she could not see it before she stepped into it; also, that that condition of nuisance had existed for several years and was known to the city or should have been in the exercise of reasonable care.  For the resulting damage she sustained she asked judgment against the defendant, basing her claim on §3714 GC.

The answer was a general denial that there was such nuisance, and if one did exist, defendant had no notice or knowledge of it.

Trial was had and the verdict and judgment were for the defendant.  A motion for a new trial was overruled, and this appeal on questions of law followed.  The assignment of error

chiefly urged is that the court in its general charge to the jury charged at length on the issue of contributory negligence when that defense was not pleaded and there was no evidence to warrant it. No where in the record is there any evidence of any negligence on the part of the plaintiff that had any causal relation to the injury and damage she says she sustained.

She had parked her automobile at the right curb of the street and went to a store and purchased some baked goods. While standing on the tree lawn she opened the right rear door of her automobile and placed her packages on the back seat, closed the door and turned to go around to the driver's seat when she stepped into the grass covered hole and fell.

Under such state of the pleadings and the evidence which was not contradicted, except as to the existence of the hole, the charge on the issue of contributory negligence was error of commission prejudicial to the plaintiff.

In two leading cases the Supreme Court has told us that such charge under those circumstances is prejudicial to the defendant, and certainly it is to a plaintiff. In Syllabus 1 of **Cincinnati Traction Co. v. Forrest, 73 Oh St 1,** that Court said:

"The rule that the Court ought to adapt its charge to the issues made by the pleadings and the evidence, forbids the introduction into the charge of instruction upon an issue not so raised."

Following that precedent in Syllabus 1 of **Cincinnati Traction Co. v. Stephens, 75 Oh St 171,** it said specifically:

"In an action to recover damages for wrongful death, in which there is no issue of contributory negligence in the pleadings, and in which, on the trial, the defense is wholly that the defendant was not guilty of negligence, it is prejudicial error to charge the jury at length upon the subject of contributory negligence, and that there was such an issue, and that the burden was upon the defendant to establish it."

In the recent decision in **Pearlstein v. McGregor Home 79 Oh Ap 526,** the Court of Appeals of this district made a similar decision on this same question present in this appeal and cited many authorities, among them **Cincinnati, Georgetown, etc. Ry. Co. v. Burkhardt,** 10 C. C. n. s., 543, affirmed **82 Oh St 433.** A like decision was **Tarian v City of Alliance, 66 Oh Ap 423**—(A motion to certify was overruled.)

The defendant contends that the two issue rule precludes the reversal of this judgment even if there was error in charging contributory negligence. That issue not being in the cause, either by pleading or evidence, the two issue rule has no application, and such charge could only confuse the jury.

For this error the judgment will be reversed and the cause remanded to the Court of Common Pleas for a new trial. Exc. O. S. J.

CONN, PJ, FESS, J, concur.