RICKS, APPELLANT, *v.* JACKSON, APPELLEE.*

(No. 987—Decided April 26, 1958.)

*Judgment affirmed, 169 Ohio St., 254.

*Messrs. Meredith, Meredith & Tait* and *Mrs. Mary F. Abel,* for appellant.

*Messrs. Hover, Smith & Shellhaas,* for appellee.

GUERNSEY, J.  This appeal is on questions of law from a judgment of the Common Pleas Court in favor of the defendant, appellee herein.  The case was tried to a jury on a petition alleging plaintiff's injury due to the negligence of defendant, an answer admitting the collision of defendant's truck with plaintiff's mowing machine but otherwise generally denying the allegations of the petition and alleging contributory negligence of plaintiff, and a reply denying contributory negligence.

It was established by the evidence that on a clear, dry day plaintiff was operating a tractor, owned by the state of Ohio, with a cutter bar attached to the right side thereof, in an easterly direction on the south side of a state highway, for the purpose of mowing the first cut of grass and weeds south of the traveled portion of the highway.  As plaintiff reached the end of a gradual curve he came upon a guard rail which necessitated his driving his vehicle upon the south lane of the paved portion of the highway where he continued to mow the grass and weeds between the guard rail and the pavement at a speed of two to three miles per hour.  When plaintiff had reached a point almost at the east end of the guard rail, a milk truck driven by an employee of defendant, also in an easterly direction, collided with the left rear portion of the tractor driven by plaintiff, causing plaintiff to be thrown to the road in such manner that he incurred injuries therefrom.  Defendant's driver testified, "when I first seen the mower I applied the brakes, and then I released them with intention of going around, and then I reapplied them and stopped."  The evidence showed that at about the time he reapplied his brakes a passenger car was approaching from the east and influenced defendant's driver in his decision not to continue around plaintiff's vehicle, and that he did not complete his stop until after he had collided with same.

The evidence is conflicting as to whether plaintiff's tractor was at the time of the collision equipped with operating flasher warning lights of the type then generally in use on such vehicles

and as to whether red warning flags were being flown from either or both of the standards provided therefor on the left rear and front of the tractor. Plaintiff testified that "men working" signs had not been placed in either direction from the place where he was mowing.

The unanimous general verdict in favor of the defendant was not tested by interrogatories.

As plaintiff makes and argues numerous assignments and contentions of error we will treat same in the order argued in plaintiff's brief.

I. Plaintiff first assigns error in the overruling of his motion for judgment at the close of defendant's opening statement. Subdivision (B) of Section 2315.01 of the Revised Code, with reference to the order of trial and the content of defendant's opening statement, provides:

"The defendant *must* then briefly state his *defense,* and briefly *may* state his *evidence* in support of it." (Emphasis added.)

We have carefully examined defendant's opening statement and find that the defendant has stated his defense and that his opening statement thus fulfills the mandatory requirements of the statute.

II. Plaintiff claims the trial court erred in admitting evidence offered by defendant over objection of plaintiff and in excluding evidence offered by plaintiff, contending (1) that the court erroneously struck the testimony of plaintiff's witness, Dr. Glass, as to the complaints made to him by plaintiff relative to pain, loss of sleep, headaches, back pain, etc., since the accident; (2) that the court confused the jury by first striking an answer of Dr. Glass as to his inability to predict with any scientific accuracy as to what will happen to this patient or any other one, and immediately thereafter changing his ruling to permit the answer to stand; and (3) that the court erred in admitting evidence offered by defendant as to plaintiff's having filed for and received workmen's compensation for a previous injury.

It appears from the evidence that plaintiff was "referred" to Dr. Glass by plaintiff's attorney, not for examination and treatment, but in each instance shortly before the date trial

was scheduled for the apparent purpose of enabling Dr. Glass to testify as an expert on behalf of plaintiff.

The Supreme Court of Ohio in the case of *Pennsylvania Co.* v. *Files,* 65 Ohio St., 403, 62 N. E., 1047, determined:

"1. Where one who has received a physical injury from the wrongful act of another, calls upon a physician, not for the purpose of receiving medical aid and treatment, but for the purpose of enabling the physician to testify, as an expert, in a pending, or proposed, suit, statements made by the party under such circumstances in regard to his condition, are not admissible in evidence; * * *."

We have fully read the record of the case before us and there is no indication that the jury was either confused or misled, or that the plaintiff was in any way prejudiced, by the court's change in his ruling as to permitting the answer of Dr. Glass referred to to stand after it first had been stricken. Moreover, the answer which the court permitted to stand was an answer elicited from plaintiff's witness by a question of plaintiff's counsel on direct examination.

As to the testimony pertaining to workmen's compensation for a previous injury, plaintiff cites Section 4123.93, Revised Code, providing:

"Sections 4123.01 to 4123.94, inclusive, of the Revised Code, relating to the amount of compensation, shall not be considered by, or called to the attention of, the jury on the trial of any action to recover damages as provided in such sections."

This section, prior to the 1953 recodification, was Section 1465-92, General Code, which read as follows:

"No provision of this act relating to the amount of compensation shall be considered by, or called to the attention of the jury on the trial of any action to recover damages as herein provided."

We are of the opinion that the operation of that statute was intended, both before and after recodification, to be limited only to those damage actions which were the subject matter of, and provided for by, the Workmen's Compensation Act, and that the statute does not constitute a rule of evidence as to damage actions such as that before us, not provided for by the Workmen's Compensation Act.

An examination of the record reveals that the questions pertaining to workmen's compensation directed to and answered by plaintiff were reasonably pertinent to show the nature and extent of plaintiff's earlier injury and thereby plaintiff's physical condition prior to the injury now claimed and constituted proper cross-examination. The evidence reveals further that plaintiff volunteered his answer as to the amount of compensation, the same not being responsive to the question asked by plaintiff.

For the reasons stated we find that the second assignment of error is without merit.

III. Plaintiff claims that the trial court erred in giving, over the objection of plaintiff, (three) instructions specially requested by defendant before argument. Plaintiff does not claim that any of these instructions contained erroneous propositions of law, when abstractly considered, but contends that it was prejudicial error for the court (1) to point out at the time such instructions were given that they had been requested by the defendant, and (2) to give such instructions when they were not responsive to the issues in the case.

It has been held by various Courts of Appeals in Ohio, in which holdings we now concur, that although the trial court should not inform the jury which party requested the special charges submitted to them before argument, the fact that it does so is not reversible error if the charge itself constitutes a correct statement of the law. See *Hudson* v. *Cleveland*, 76 Ohio Law Abs., 360, 142 N. E. (2d), 535, and *Harper* v. *McQuown*, 30 Ohio Law Abs., 389.

The first of the three special instructions of which plaintiff complains was to the effect that if plaintiff was contributorily negligent the verdict must be for the defendant; the second was to the effect that if the plaintiff had assumed the risk by exposing himself to an obvious and appreciated danger of any injuries resulting therefrom the verdict must be for the defendant; and the third was to the effect that it was not necessary that plaintiff violate a statute in order to be negligent, that negligence might consist of the failure to exercise due care.

Plaintiff claims the first and third charges were improper

for there was no issue of contributory negligence, and, if there was, the same were unnecessarily repetitive and unduly emphasized the issue of plaintiff's contributory negligence. With these contentions we cannot agree. The evidence as to plaintiff's use or nonuse of a flashing warning light, his use or nonuse of warning flags and his nonuse of "men working" signs presented an issue of contributory negligence. It was for the jury to determine whether such devices were used or were not used, and, if not used, whether under the circumstances such nonuse constituted contributory negligence on the part of the plaintiff. The first and third instructions were not in any manner repetitious. The first related to a verdict for defendant if plaintiff was found contributorily negligent and the third constituted a definition of negligence. The fact that these propositions were thereafter repeated in the general charge did not, in the opinion of this court, after considering said special instructions together with the general charge, constitute undue repetition or emphasis.

The proposition that repetition of a special charge in the general charge may be prejudicially erroneous if it gives undue importance to the law stated, especially when the jury's natural sympathies are with the party favored by the charge, is sometimes also qualified by whether the court makes undue comment or enlargement on the proposition stated. *Cincinnati Traction Co.* v. *Nellis,* 81 Ohio St., 535, 91 N. E., 1125, and 4 Ohio Jurisprudence (2d), 279, Appellate Review, Section 997. In the case before us it would not be natural for the jury to have any sympathy for the defendant, who was not injured, and the court did not comment or enlarge upon the propositions stated.

Although plaintiff does not claim the proposition of law in the first special charge incorrect when considered in the abstract, plaintiff does contend that the charge was improper because it did not make "mention of the fact that the jury should find that if the proof adduced in behalf of the plaintiff is of such a character as to raise a presumption of negligence on plaintiff's part that plaintiff might remove such presumption by an equal or counter-balancing amount of evidence." However, the burden was upon plaintiff to make a request for

any special instructions he desired in this respect. In the case of *Makranczy* v. *Gelfand, Admr.,* 109 Ohio St., 325, 142 N. E., 688, the Supreme Court held:

"4. Where a record discloses instructions before argument, given at plaintiff's request, which are a correct statement of the law from plaintiff's standpoint, but do not cover every branch and feature of the case, including effect of affirmative defenses, but such affirmative defenses are fully covered in the general charge, the giving of such special instructions before argument is not prejudicially erroneous."

And at page 375 of the case of *Bartson* v. *Craig, an Infant,* 121 Ohio St., 371, 169 N. E., 291, the Supreme Court said:

"The instruction requested constituted a correct proposition of law. If counsel for the plaintiff desired a special instruction given before argument with reference to the standard of care required of a minor plaintiff, such requested instruction should have been presented. The instruction in question being one which correctly states the law, and being pertinent to one or more issues of the case, was such as to come within the purview of subdivision 5 of Section 11447, General Code."

Plaintiff contends commission of prejudicial error in that, when reading the third special charge, the court omitted the word "not." We find that the trial court did not commit prejudicial error in this regard for the omission was inadvertent, it was immediately called to the attention of the court by defendant's attorney in the presence of the jury, the correctly written special charge was sent with the jury to the jury room as required by law, and negligence and contributory negligence were fully and accurately defined in the general charge.

For the foregoing reasons we are of the opinion that the trial court did not commit prejudicial error with respect to either the first or third special instruction requested by the defendant to be given to the jury before argument.

As to the second special instruction relating to assumption of risk, plaintiff claims the same is neither supported by the pleadings nor by the evidence. In 29 Ohio Jurisprudence, 536, Negligence, Section 91, citing *Davis* v. *Somers-Cambridge Co.,* 75 Ohio St., 215, 79 N. E., 233, it is stated:

"* * * The rule is, that one who exposes himself to an obvious and appreciated danger, even though he should not appreciate the full extent of the danger, assumes the risk of injury that may result to him therefrom."

The second charge correctly states this rule of law. However, there is no evidence whatsoever in the record of this case tending in any way to prove that the danger which resulted in plaintiff's injury was either obvious to him or appreciated by him to any extent whatsoever. Plaintiff, in going upon the highway, had a right to presume that other users of the highway would exercise ordinary care for his safety, and had no notice whatsoever that he was exposing himself to the danger of a negligent or unlawful act. It was held by the Supreme Court in the case of *Swoboda v. Brown,* 129 Ohio St., 512, 196 N. E., 274:

"8. One may rightfully assume the observance of the law and the exercise of ordinary care by others, and action by him in accordance with such assumption in the absence of notice or knowledge to the contrary is not negligence."

See, also, 5 American Jurisprudence, 353, Automobiles and Highway Traffic, Section 204.

There being no evidence whatsoever of assumption of risk by the plaintiff, the court erred in giving the jury the special instruction pertaining to assumption of risk requested by the defendant before argument.

The defendant, however, argues that if this was error such error was cured by the operation of the two-issue rule, and cites the case of *Centrello, a Minor, v. Basky,* 164 Ohio St., 41, 128 N. E. (2d), 80, in support of his conclusion. We are of the opinion that the case is not authority for this conclusion, for in that case there was evidence of assumption of risk and the syllabus thereof, which constitutes the official declaration of law by the Supreme Court, includes the following paragraphs:

"3. Where the jury returns a general verdict for the defendant, and where *on the evidence presented* it might have found that the defendant was negligent and the plaintiff contributorily negligent or that the plaintiff deliberately and heedlessly exposed himself to an apparent risk, the court may prop-

erly charge on both contributory negligence and assumption of risk.

. "4. Where a general verdict is returned for one of the parties, and the mental processes of the jury are not tested by special interrogatories to indicate *which issue* was determinative of the verdict, it will be presumed that *all issues* were resolved in favor of the prevailing party, and, where a single *determinative issue* has been presented free from error, error in presenting *another issue* will be disregarded." (Emphasis added.)

To a similar effect are the third and fifth paragraphs of the syllabus in the case of *Bush, Admr.*, v. *Harvey Transfer Co.*, 146 Ohio St., 657, 67 N. E. (2d), 851, wherein the Supreme Court held:

"3. The two-issue rule is, that error in the charge of the court dealing exclusively with one of two or more complete and independent *issues required to be presented to a jury* in a civil action will be disregarded, if the charge in respect to another independent *issue* which will support the verdict of the jury is free from prejudicial error, unless it is disclosed by interrogatories or otherwise that the verdict is in fact based upon the issue to which the erroneous instruction related."

"5. * * * To warrant the submission of the issue of contributory negligence to the jury *it is essential that some evidence* be adduced tending to show that the plaintiff failed in some respect to exercise the care of an ordinarily prudent person under the same or similar circumstances and that such failure was a proximate cause of his injury and resulting death." (Emphasis added.)

It is apparent therefore that the two-issue rule may operate to cure the error of submitting an actual issue in a case in an erroneous manner but cannot operate to cure the error of charging as to an issue which is not in the case at all. The two-issue rule does not apply to cure the error of charging on a third issue, on which no evidence has been adduced, when two issues in the case have been properly submitted, any more than it applies to the submission of two issues in a case when in fact there is only one issue. *Gottesman, Admr.*, v. *City of Cleveland,*

142 Ohio St., 410, 52 N. E. (2d), 644; *Kolp* v. *Stevens,* 45 Ohio App., 147, 186 N. E., 821 (motion to certify the record overruled, April 26, 1933); and *Britton* v. *City of Lakewood,* 89 Ohio App., 150, 97 N. E. (2d), 78 (motion to certify the record overruled, April 18, 1951).

We are, therefore, of the opinion that it was error prejudicial to the plaintiff for the court to charge the jury as to assumption of risk by the plaintiff, there being no evidence thereof and the same thereby not being in issue, and that such error was not cured by the operation of the two-issue rule.

IV. Plaintiff contends that the court erred in the general charge to the jury, (1) in that in listing the issues for the jury's consideration the court used the phrase, "Did the negligence or want of care on part of plaintiff" etc., and (2) in that contributory negligence was charged when not in issue in the case and unduly repeated and emphasized. There is no doubt that the quoted language used by the court appears to assume the existence of negligence on the part of the plaintiff, but considering the charge as a whole we are of the opinion that this issue was sufficiently qualified, that the jury was not misled, and that there was no error in using such language, prejudicial to the plaintiff. In our consideration of the special instructions hereinbefore we have disposed of plaintiff's second contention relating to the general charge.

V. Since upon the evidence received upon the trial plaintiff was not *entitled by law* to judgment in his favor, the court did not err in overruling plaintiff's motion for judgment notwithstanding the verdict as contended by plaintiff. Section 2323.18, Revised Code.

VI. By reason of the prejudicial error in giving the special charge as to assumption of risk, hereinbefore referred to, the court also erred in overruling plaintiff's motion for a new trial.

VII. For the same reason the verdict and judgment are, as claimed by plaintiff, contrary to law.

VIII. Coming now to plaintiff's last assignment of error that the verdict of the jury and the judgment of the court are against the manifest weight of the evidence and are not sustained by the evidence, we conclude that since the verdict of

the jury supporting the judgment was general and not tested by interrogatories the same was consistent with a determination by the jury in favor of the defendant on the issue of defendant's negligence, or a determination in favor of the plaintiff on the issue of defendant's negligence and against the plaintiff on the issue of plaintiff's contributory negligence. There was evidence in this case bearing on these issues but it was conflicting and reasonable minds might differ as to the inferences to be drawn therefrom. Under such circumstances, this being an appeal on questions of law, we cannot as a matter of law find the facts otherwise than as found by the trier of fact. 3 Ohio Jurisprudence (2d), 789, Appellate Review, Section 809. We conclude that this assignment of error is without merit.

Error appearing prejudicial to the plaintiff, appellant herein, in the manner and particulars hereinbefore set forth, the judgment of the trial court is hereby reversed and the cause is remanded thereto for further proceedings according to law.

*Judgment reversed.*

MIDDLETON, P. J., and YOUNGER, J., concur.