## THE RABBONI.

### THE NELLIE E. RUMBALL.

### COFFIN v. STEWART (two cases).

### STEWART v. COFFIN (two cases).

#### (Circuit Court of Appeals, First Circuit. April 29, 1897.)

#### Nos. 113 and 116.

COLLISION—DEFECTIVE LIGHT.

Where sailing vessels approach each other nearly head on, and one of them has a defective green light of obsolete make, so that, in spite of careful observations, the other sees only her red light, the latter cannot be held in fault for acting upon this indication, and the collision will be attributed to the deceptive lights.

Appeal from the Circuit Court of the United States for the District of Maine.

This was a suit in admiralty by Thomas J. Stewart and others, owners of the schooner Rabboni, against O. P. Rumball and others, owners of the barkentine Nellie E. Rumball, to recover damages for a collision. A cross libel was also filed by the respondents. The district court found that the Rumball was alone in fault, and decreed accordingly. 53 Fed. 948. On appeal to the circuit it was held that both vessels were in fault, and a decree for divided damages was accordingly entered. Id. 952.

Edward S. Dodge, for owners of the Nellie E. Rumball.

Eugene P. Carver (Edward E. Blodgett with him on the brief), for owners of the Rabboni.

Before COLT, Circuit Judge, and NELSON and ALDRICH, District Judges.

PER CURIAM. A substantial part of the testimony presented here on the part of the Rumball was not before the district court when the case was decided there, and the testimony of Axel Julius Coster, mate of the Rumball, was not before the circuit court at the time of the original decision therein; and here, upon a full and careful consideration of all the evidence and the arguments now presented, a conclusion is reached different from that in either the district or circuit court. The conclusion is that the trouble arose from the defective green light of the schooner Rabboni. It is believed that the Rabboni was approaching the Rumball head on, and the

testimony shows unquestionably that the Rumball at the time was maintaining a vigilant lookout, and was carefully observing the approach of the light of the vessel which it had sighted. It is clear that the only light sighted was the red light, which was brightly burning, and plain to be seen. The red being the only light shown, the Rumball had the right to conclude that the approaching vessel (the Rabboni) was crossing her course, and, acting upon this indication, the Rumball changed her course sufficiently to avoid the schooner Rabboni had she been crossing the course of the Rumball, according to the indications of the red light. The green lantern of the Rabboni was of obsolete make, being plain-faced, not ribbed, and, quite likely, poorly trimmed. At all events, from the defects in the lantern, or from some other cause, it was not visible to the careful observations of the Rumball until too late to avoid collision. It is probable—in fact, it is quite certain—that the change in the course of the Rumball was somewhat in accordance with the theory of the Rabboni, and that such change of course brought on the collision. This proposition would seem, on its face, to bring the Rumball into fault; but we must look for the cause. It is hard to believe—indeed, it is almost incredible—that the Rumball, in the face of two lights, or of a green light, changed her course so as to necessarily bring herself into collision with the approaching vessel. An explanation of this is found, as is believed, in the fact that the Rumball misapprehended the course of the approach of the Rabboni. She properly acted upon what she saw. Her calculations and maneuvers were warrantably based upon the indications presented by the Rabboni. That she was misled, and that she miscalculated and maneuvered so as to bring herself into contact with the Rabboni, was not her fault. It was the fault of the vessel approaching with faulty and deceptive lights. The decrees of the circuit court are reversed, and the cases are remanded, with directions to dismiss the libel of the owners of the schooner Rabboni, with costs, and in the libel of the owners of the barkentine Nellie E. Rumball to enter a decree for the libelants for the damage sustained by the barkentine in the collision, with interest and costs. Costs in this court are adjudged to the owners of the Nellie E. Rumball.