## McANDREWS v. McANDREWS.

*Evidence—Expert testimony of physician—Limited to objective symptoms of person examined.*

A physician, called for the purpose of testifying as an expert, may neither testify to other than objective symptoms nor base his testimony partially on objective symptoms and partially on statements made to him by the person being examined.

(Decided November 20, 1923.)

ERROR: Court of Appeals for Clermont county.

*Messrs. Rogers & Simmonds,* for plaintiff in error.

*Messrs. Clark & McCauley* and *Mr. Burton E. Robinson,* for defendant in error.

CUSHING, J. This suit was prosecuted by Katie A. McAndrews against Edward J. McAndrews, on two causes of action, one for slander and the other for assault and battery. The amended petition charges that on May 14, June 22, and June 23, 1922, the defendant spoke and published certain slanderous words of and concerning her. The second cause of action states that on or about June 25, 1922, the defendant assaulted and injured plaintiff.

The jury returned a verdict for the defendant on the slander charge, and for the plaintiff on the assault and battery charge. It is now sought to

Evidence, 22 C. J. §§ 761, 762.

reverse that judgment for errors occurring at the trial.

Numerous errors are assigned. Dr. Ashburn was called as an expert on behalf of the plaintiff. He made an examination for the purpose of testifying in her behalf. As he states, his testimony was based on that examination and the history of the case as given to him by her.

"Q. You examined the plaintiff a couple of days ago for the purpose of testifying in this case, is that right? A. Yes, sir.

"Q. What do you know about the length of time she has suffered; by what she has told you? A. Yes, sir.

"Q. And the answers you have given to questions in your testimony here this morning are based on the observation, or what you observed, and the history that was given to you by the patient? A. Yes, sir.

"Q. And that is true of all the testimony of what you have given? A. Yes, sir.

"Q. That is all."

The question for consideration is whether or not a physician called for the purpose of testifying as an expert may testify to other than objective symptoms, or may base his testimony partially on objective symptoms and partially on statements made to him by the person being examined.

In the case of *Pennsylvania Co.* v. *Files*, 65 Ohio St., 403, it was held that a physician, called as a witness to make an examination for the purpose of enabling him to testify as an expert, could not testify to statements made by the party in whose behalf he was called. From the announcement of

this principle of law, counsel for plaintiff in error contends that as Dr. Ashburn's testimony was based partially on his examination, and partially on statements made to him by Miss McAndrews, it is not admissible in this case.

The Court of Appeals of the Sixth Appellate District seems to have modified to some extent the rule announced in the case of *Pennsylvania Co.* v. *Files, supra.* In the opinion in the case of *Toledo Rys. & L. Co.* v. *Prus,* 7 Ohio App., 412, the Sixth Appellate District court states that a physician testifying as an expert should be able to state to the jury, before giving his opinion, that such opinion is based upon his examination of the plaintiff, without being affected in any substantial degree by the statements of the plaintiff as to subjective symptoms.

We are unable to see how such a rule can be made to conform to the established rules of evidence. It is the law of Ohio that a physician may not testify to any statements made by the person being examined. How then, could a physician be permitted to give his opinion based in part on the history of the case given him by the plaintiff? Neither the jury nor the court would or could have any idea of what the history was, or how much of his opinion was based on the history and how much was the result of the examination he had made.

It was held in the case of *Lee* v. *Kansas City Southern Ry. Co.,* 206 Fed., 765, that a doctor's opinion, based on such statement as well as upon his personal examination, is not admissible in evidence.

The plaintiff was preparing her case for trial. It would be unsafe to receive an opinion based on statements made for that purpose. The general rule is that exclamations or involuntary actions as the result of pain or suffering may be stated either by a physician called for examination or by a lay witness, but that testimony of subjective symptoms may not be given by any person other than the person himself, or a physician called for the purpose of medical treatment.

In the case of *Shaughnessy* v. *Holt,* 236 Ill., 485, the court, in discussing the difference between the testimony of a physician called for treatment and one called to testify as an expert, observes that when the physician is called for treatment it will be presumed the injured person will not under such circumstances make false statements, but that no such presumption exists where an examination is made by a physician called for the purpose of testifying on behalf of the injured person in a suit for damages.

In the case of an examination for the purpose of testifying in an action for damages, as was held in the *Shaughnessy* v. *Holt case, supra,* and in many other cases, the rule is that an opinion of a physician, based upon statements of the injured party, is not admissible in evidence. There can be no difference between an opinion based on statements made by the injured party and an opinion based on an examination and the statements of the injured party. In this view of the case the Court of Common Pleas erred in admitting the testimony of Dr. Ashburn, based as it was in part on the statements of Miss McAndrews.

Numerous other assignments of error are urged by counsel for plaintiff in error. We have examined the record in connection with these alleged errors, but do not find that any of them were prejudicial to the plaintiff in error.

For error in the admission of the testimony of Dr. Ashburn, the judgment of the Court of Common Pleas will be reversed, and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

BUCHWALTER and HAMILTON, JJ., concur.