[Civ. No. 5389. First Appellate District, Division One.—October 17, 1925.]

GLOBE INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and LEO W. KING, Respondents.

[1] WORKMEN'S COMPENSATION ACT — INJURY DUE TO INJURY RECEIVED IN COURSE OF EMPLOYMENT — FINDINGS — EVIDENCE—CERTIORARI.—In this proceeding to review an order of the Industrial Accident Commission awarding compensation to an employee, the findings to the effect that an injury sustained by said employee at his residence was a direct result of a previous injury sustained by said employee in the course of his employment, are supported by the evidence and must stand.

(1) Workmen's Compensation Acts, C. J., p. 122, n. 39.

PROCEEDING in Certiorari to annul an order of the Industrial Accident Commission awarding compensation for injuries. Award affirmed.

The facts are stated in the opinion of the court.

R. O. Purvis for Petitioner.

Warren H. Pillsbury for Respondents.

1. See 27 Cal. Jur. 578.

TYLER, P. J.—*Certiorari* to review the action of the Industrial Accident Commission in awarding to one Leo W. King, the applicant below, workmen's compensation benefits.

Substantially, the facts are as follows:

King was a pressman in the employ of the "Oakland Tribune" and on February 1, 1925, at about twelve o'clock A. M. and during the course of his employment he sustained an injury by reason of an iron block weighing some twenty pounds falling from the press a distance of about ten feet and striking him on the head. The blow caused lacerations of the scalp. He immediately received treatment at the Oakland Emergency Hospital and was thereafter removed to the Oakland Central Hospital for further treatment. At about 9 o'clock following, his head wounds were dressed and he was given a hypodermic injection of antitetanic serum to prevent lockjaw. He was then instructed to go home and rest.

On reaching his home King proceeded to the basement thereof where his sons were operating a power saw.

While standing near the same he either fainted or fell upon the machine, suffering the loss of a finger and injuring another. Application for adjustment of a claim for workmen's compensation was subsequently asserted by King.. The Commission in its findings and award determined that the injury occurring at respondent's residence was a direct result of the first injury, which occurred in the course of his employment, and held petitioner for the entire disability. A rehearing was applied for, the claim being made that the evidence was insufficient to justify the award. This was denied. The present application for writ of review followed.

It is admitted that King was entitled to compensation for the injuries sustained by him in the course of his employment, but not for the subsequent injuries suffered at his home, which it is claimed were caused by King attempting to operate the saw. The evidence upon the subject as to whether the applicant was operating the saw or whether while standing near it he fainted by reason of his original injury, was conflicting.

King testified positively that he was merely standing by the saw and the next thing he knew he was on the floor with a doctor caring for him. There is also medical evidence to show that the antitetanic serum might cause fainting or that such a condition might be brought about by the injury applicant received to his head, which latter injury it appears did cause him subsequent trouble.

[1] The award of the Commission for injuries to the applicant's finger was based upon the theory that such injuries were proximately caused by the injury received the night previous. While conflicting, there is evidence to support the findings of the Commission both as to the manner in which the injury occurred and as to its cause. The findings of the Commission upon the subject therefore must stand.

The award is affirmed.

Knight, J. and Cashin, J., concurred.