## INDUSTRIAL COMMISSION v WEAVER

Ohio Appeals, 6th Dist, Lucas Co

No 2586. Decided January 25, 1932

Gilbert Bettman, Attorney General, Columbus, Calkins, Storey & Nye, Toledo, for plaintiff in error.

James Harrington Boyd, Toledo, for defendant in error.

WILLIAMS, J.

The first contention of plaintiff in error is that the court erred in the admission of

evidence. Decedent's wife testified in substance that when the decedent returned from his work on the morning of December 18, 1928, he stated to her that he had slipped on the floor and injured his left knee while carrying a bundle of spring plates from the rack to the bench. Other witnesses testified to the making of substantially the same statement at later dates. There is nothing in the evidence tending to show that the statement to his wife upon his return from work was made under such circumstances as to be explanatory of his return nor was there evidence tending to show that any of the statements were made under such circumstances as to make them admissible as a part of the res gestae. The evidence relating to decedent's statements was all rejected before the Industrial Commission, but upon the trial in the court of common pleas the evidence was read from the transcript, over the objection and exception of the defendant.

The Industrial Commission has wide latitude in the admission of evidence, under the provisions of §1465-91 GC. **Power & Light Co vs Orwick, 122 Oh St 497.**

The procedure in common pleas court is regulated , however, by **§1465-90 GC,** as amended in **111 Oh Laws, 218,** and effective July 15, 1925, which, among other things, provides as follows:

"The court may exclude from evidence such portions of the transcript which are not competent, material or relevant evidence and to which objection was made or exception taken at such rehearing before the Commission and may admit in evidence such competent, material or relevant evidence as was excluded by the Commission at such rehearing over the objection and exception of the party offering the same."

This provision confers upon the trial court power to exclude as evidence the testimony referred to upon the ground of incompetency and the admission of incompetent evidence to the prejudice of the aggrieved party would constitute reversible error, the same as in the trial of any other case. The fact that the word "may" is used in the statute does not relieve a trial court from the duty of applying the rules of evidence in accordance with established principles of law. In admitting the evidence in question the trial court erred to the prejudice of plaintiff in error.

The second contention of plaintiff in error is that the trial court erred in refusing to charge the jury as requested. At the conclusion of the general charge the following appears in the records:

"Defendant requests that the court charge the jury that not only must the injury arise out of and be connected with the employment, but that the death must appear to be the proximate result of the injury or if there was acceleration of death, that that acceleration. must be the proximate result of the injury."

The trial court did not cover this matter in any instruction or charge to the jury. An injury to an employe is said to arise out of and be connected with the employment when there is a causal connection between the employment and the injury. **Industrial Commission vs Weigandt, 102 Oh St 1.** In cases in which an employe is injured as the direct result of the negligence of his employer, or of his own negligence, or of both, it is evident that the employemnt is only the remote cause of the injury. If disability or death were compensable only when there was a direct causal connection existing between the employment and the injury, there would be only a few compensable injuries. In fact, a direct causal connection need not exist between these two elements. This principle is explained in Railroad v White, 243 US 188, and the court in discussing this question at page 205, uses the following language:

"In excluding the question of fault as a cause of the injury, the act in effect disregards the proximate cause and looks to one more remote—the primary cause, as it may be deemed—and that is the employment itself. For this, both parties are responsible, since they voluntarily engage in it as co-adventurers, with personal injury to the employe as a probable and foreseen result."

We quote also from **Cudahy Packing Co vs Parremore, 263 U S,** at page, 423:

"Workmen's Compensation legislation rests upon the idea of status, not upon that of implied contract; * * * The liability is based, not upon any act or omission of the employer, but upon the existence of the relationship which the employe bears to the employment because of and in the course of which he has been injured. And this is not to impose liability upon one person for an injury sustained by another with which the former has no connection; but it is to say that it is enough if there be a causal connection between the injury and the

business in which he employs the latter—a connection substantially contributory though it need not be the sole or proximate cause."

Having concluded that only causal connection between the employment and the injury is necessary, we still have before us the question whether the death must be shown to be the proximate result of the injury or if there was an acceleration of death, that that acceleration must be the proximate result of the injury.

The Workmen's Compensation Law makes no reference to proximate cause but provides that disability or death is compensable where it is the result of an injury sustained in the course of the employment. In cases where the employe is disabled by the injury or is killed outright and those in which, by the undisputed evidence, the death or disability results from the injury there is little or no difficulty, but in many instances there is a considerable lapse of time between the injury and the death or between the injury and disability and it may be a matter of difficulty to determine whether or not death or disability arises from the injury or another cause. In some instances too, there may be an intervening cause, as where the injured employe is being transported to a hospital in his own conveyance and is killed through the negligence of a third person, or where an employe injured in the course of the employment sustained a subsequent injury unconnected with the employemnt and there is uncertainty as to whether or not the disability he suffers comes from the injury sustained in the course of his employment or the later one.

After an injury, one ailment or disorder may follow another ending in disability or death, as infection and thrombosis followed the injury of the decedent in the instant case, and it becomes necessary to determine whether the chain of causation is broken. It seems clear that question as to independent intervening cause and as to completeness of the chain of causation should be governed by the usual rules governing the law of proximate cause. The doctrine of proximate cause has generally been applied as between the injury and disability or death.

Honnold on Workmen's Compensation, §127, et seq;

Coal Mining Co vs Industrial Commission, 151 N. E., 593;

Coal Mining Co vs Industrial Commission, 135 N. E., 789;

Haas vs Globe Indemnity Co, 132 So., 246;

Rialto Lead & Zinc Co vs Industrial Commission, 240 Pac., 96;

U S Fidelity & Guaranty Co vs Industrial Commission, 273 Pac., 589;

Globe Indemnity Co vs Industrial Commission, 241 Pac., 405;

Applying the well-understood rules governing proximate cause, it may be said generally that the injury is the proximate cause of the disability or death, not only in cases where it operates alone but in cases where operating in conjunction with other factors it proximately contributes to produce the disability or death.

It is the general rule that where a person suffers from an injury in the course of employment and this injury accelerates or aggravates a pre-existing disease, that the disability and death are compensable in case the injury proximately contributes to produce the disability or death. The authorities are collected in annotations found in 19 A. L. R., 110; 28 A. L. R., 205 and 60 A. L. R., 1299.

In the instant case the death, to be compensable, must have been the proximate result of the injury or if, at the time of the injury, the employe was suffering from a disease or physical disorder and the ailment was lit up or aggravated by the injury so that death was accelerated thereby, then such acceleration was the proximate result of the injury. Acceleration of death means the hastening of death. If the injury was the proximate cause of the acceleration of death, it was the proximate cause of the death itself.

The refusal of the court to charge the jury as requested constituted prejudicial error.

For the reasons given the judgment is reversed and the cause remanded for a new trial.

LLOYD and RICHARDS, JJ, concur.