### TOLEDO EDISON COMPANY v CRAMER

Ohio Appeals, 6th Dist, Lucas Co

No 2673. Decided June 30, 1932

Tracy, Chapman & Welles, Toledo, and Harry S. Bugbee, Toledo, for plaintiff in error.

James Harrington Boyd, Toledo, for defendant in error.

WILLIAMS, J.

It is complained that the court erred in giving the following instruction before argument at the request of the plaintiff:

"1. You are instructed that it is the law of this state that the test of the right of the plaintiff to a judgment against the defendant under the workmen's compensation law for the death of her husband Hollace Cramer if caused by injuries received by him in the course of his employment with the defendant, is not whether there was any fault or neglect on the part of the employer, or his employees, but whether the employment had some causal connection with the death of plaintiff's husband either through its activities, its conditions, or its environment.

"2. You are instructed as a matter of law that in case you find from the preponder-

ance of all of the evidence, that Hollace Cramer, husband of the plaintiff, on the 20th day of September, 1929, and on divers days immediately prior thereto, while in the course of his employment, was disabled or incapacitated from doing his work and his death was the result of said disablement, then you shall return a verdict for the plaintiff.

"3. You are instructed as a matter of law that if you find from the preponderance of all the evidence that Hollace Cramer, deceased, was injured while installing frigidaire machines as claimed by plaintiff and that injury was the direct cause of deceased's illness of which he died, or if you find from the preponderance of all of the evidence that he scratched his left arm and burned his left arm with sulphur dioxide causing infection and poison to enter decedent's blood stream as claimed by the plaintiff and that injury accelerated or hastened his death, then you shall find for the plaintiff."

The first two of these instructions ignore the element of proximate cause as between the injury and death in violation of the rule laid down by the Supreme Court in Weaver v Industrial Commission, decided June 15, 1932, affirming the judgment of this court in **Industrial Commission v Weaver**, 38 **Court of Appeals Opinions, Sixth District,** unreported, p. 225 (11 Abs 638). The third request implies that the death would be compensable if decedent scratched his left arm or burned it with sulphur dioxide causing infection and the injury accelerated his death, whether the injury was received in the course of his employment or not. The giving of these requests constituted prejudicial error.

Plaintiff in error also contends that there was error in the admission of evidence. The witness Aura Cramer, in describing the work of installing frigidaire equipment, in answer to an inquiry as to how one used his hands in purging out the lines and making connections, stated:

"In making connections to your coil and to the compressor, and when you purge out the line, it comes in contact with the gas, and you get in dirty cellars where it is possible that you can get most anything."

There was a motion to strike out the last part of the answer. While the court should have stricken out the words "where it is possible that you can get most anything", the matter is not so consequential as to lead to the view that allowing it to stand constituted prejudicial error.

In the testimony of Ruth Cramer the following appears:

"Q. Did you ever observe any scratches on the left arm? Objection; overruled; exception.
A. Before he got the boils he often came home with scratches.
Q. Did you pick any particle of any kind out of the skin of your husband's arm before the boils started? Objection; overruled; exception.
A. Yes, I did.
Q. What did you pick out? Objection; overruled; exception.
A. Yes.
Q. How large a particle? Objection; overruled; exception.
A. About like a pin head.
Q. Did your husband at that time tell you how he got those particles in his arm? Objection; overruled; exception.
A. Why, by cutting copper tubing.
Q. In doing what?
A. Cutting.
Q. In doing what, what was the occasion of cutting the copper tubing?
A. I couldn't tell you.
Q. Do you know whether or not he used copper tubing in installing frigidaire machines? Objection; overruled; exception.
A. Yes, he did.
Q. Do you know that in using these copper tubings to install these machines, it was necessary to cut them, do you know that?
REFEREE: Did you ever see your husband at work?
WITNESS: No."

Most of this testimony was competent. The court, however, committed prejudicial error in permitting the witness to state that her husband told her that he got the particles in his arm by cutting copper tubing. There is nothing in the record to show that the statement was made under such circumstances as to make it a part of the res gestae and the ruling is contrary to the principle established by the case of Weaver v Industrial Commission, supra. The testimony that follows her statement as to what her husband told her might properly have been stricken out by the trial court, as it appears from the answer to the question asked by the referee that the wife had no personal knowledge of what her deceased husband did while at work.

It is also contended that the court below should have directed a verdict in favor of the plaintiff and that the verdict is manifestly against the weight of the evidence. We are of the opinion that the evidence was sufficient to warrant the trial court in submitting the issues to the determination of the jury but are also of the opinion that the verdict is manifestly against the weight of the evidence. An examination of all the questions made by counsel for the plaintiff in error in their brief does not disclose any prejudicial error other than that specified.

For prejudicial error in charging the jury and in admitting evidence and for the reason that the verdict is manifestly against the weight of the evidence, the judgment is reversed and the cause remanded for a new trial.

LLOYD and RICHARDS, JJ, concur.