JONES, APPELLANT, *v.* THE GOODYEAR TIRE & RUBBER CO., APPELLEE.

(Decided May 9, 1938.)

*Mr. J. Perry Teeple* and *Mr. R. L. Culbertson,* for appellant.

*Mr. Walter E. DeBruin* and *Mr. R. E. Sheldon,* for appellee.

DOYLE, J. In this action the appellant, Georgia E. Jones, is the widow of Basil L. Jones, deceased, a former employee of The Goodyear Tire & Rubber Company, the appellee.

The appellant sought, in the Court of Common Pleas of Summit county, to recover a judgment against

the company under favor ·of the Workmen's Compensation Law of Ohio.

Allegations were made in the complaint to the effect that the deceased, while employed by the company, was working as a calender man, and that on April 11, 1934, while so employed, he started to convey a heavy roll of friction fabric on a two-wheel truck from one place in the factory to another; that in doing so the fabric became jammed between two machines; that in dislodging it the roll was caused to fall a short distance onto the truck, the handles of which he held; that as the roll struck the truck, part of its weight was thrown onto the handles, forcing him onto his knees; that in thus falling "the handles of the truck or the roll of fabric struck him in the region of the lower ribs on his right side, that the force of the blow from the roll of fabric or the truck caused a severe trauma which was distributed along the whole shaft of the ribs posteriorly and anteriorly." It was further alleged that following this accident his body was strapped with adhesive tape in the vicinity of the lower ribs; that the tape bindings were continued until late in July, at which time he was taken to a hospital, where it was discovered that he was suffering from osteomyelitis; that he was treated in the hospital from that time until his death on December 11, 1934; and that the proximate cause of his death was "the injuries which he received while handling the roll of fabric on the truck on or about April 11, 1934."

Issues were joined by the answer of the company to the charges of the appellant.

At the conclusion of the evidence in the court below, upon motion of the company, the court directed the jury to return a verdict for the company. Judgment was entered upon the verdict thus returned.

The appellant, in prosecuting her appeal to this

court on questions of law, complains that the Court of Common Pleas erred in the following respects:

"1. In sustaining the defendant's motion to direct a verdict and arrest the case from the jury and render judgment for the defendant.

"2. In overruling plaintiff's motion for a new. trial."

The law is well settled in this state that an award under the Workmen's Compensation Law in cases of this character can be made only when the injury was the proximate cause of the death or was the proximate cause of the acceleration of the death. *Weaver* v. *Industrial Commission,* 125 Ohio St., 465, 181 N. E., 894. See also, *Ackerman* v. *Industrial Commission,* 131 Ohio St., 371, 3 N. E. (2d), 44, and Section 1465-82, General Code.

In support of her case, the claimant introduced both lay and expert witnesses; none of whom, however, was able to give competent testimony of any probative value that a traumatic injury was received while the deceased was working on the day in question. The testimony of experts disclosed that the deceased, subsequent to the day of the alleged injury, suffered from pleuritis and osteomyelitis.

A careful reading of the entire record fails to disclose a situation in which reasonable minds could conclude that a traumatic injury (*Industrial Commission* v. *Armacost,* 129 Ohio St., 176, 194 N. E., 23) suffered at the time and in the manner alleged in the petition proximately caused the condition which culminated in death. *Hamden Lodge* v. *Ohio Fuel Gas Co.,* 127 Ohio St., 469, 189 N. E., 246.

In reaching the foregoing conclusion, this court is aware of the rule almost universally adopted to construe liberally the provisions of the Workmen's Compensation Law in favor of the workmen and their dependents. Such a construction, however, does not require a court to waive the requirement that there must

be some positive evidence upon which a verdict for the claimant can be based "and that such verdict can not be based upon mere guess or speculation." *Industrial Commission* v. *Lathrop,* 52 Ohio App., 55, 2 N. E. (2d), 828. And see the opinion of this court in *Kuhn* v. *Banker,* 27 Ohio Law Abs., 148, affirmed by the Supreme Court in *Kuhn* v. *Banker,* 133 Ohio St., 304, 13 N. E. (2d), 242.

Although, as to the admissibility of evidence, this cause is ruled by the provisions of Section 1465-90, General Code, as amended (*Industrial Commission* v. *Weaver,* 45 Ohio App., 371, 187 N. E., 186, affirmed in *Weaver* v. *Industrial Commission, supra*), and although the conclusion hereinbefore reached is based upon a consideration of the entire evidence in the record, including some evidence of questionable competency, we deem it advisable to comment briefly in this opinion on the question of whether evidence which is admissible for one purpose must, under all circumstances, be considered for all purposes, in view of the general statement to that effect in the case of *Baker* v. *Industrial Commission,* 44 Ohio App., 539, at page 546 *et seq.,* 186 N. E., 10.

After the deceased was first taped, he continued to work for several months following the alleged injury, after which he procured the services of a doctor of his own choosing, for diagnosis and treatment. This doctor, upon the witness stand, testified as to certain statements made to him by the patient at the time of that examination, to the effect that the patient, several months before, had strained himself, and at another time, referring to the same claimed injury, had received a blow.

That testimony was competent for the purpose of showing the information made available to the physician which enabled him to arrive at his diagnosis and treatment.

Of course, had the doctor made the examination, not for the purpose of treatment but for the purpose of testifying as an expert as to the patient's physical condition, the history given would have been incompetent. *Pennsylvania Co.* v. *Files,* 65 Ohio St., 403, 62 N. E., 1047; 67 A. L. R., 10. See also, 65 A. L. R., 1217.

May this testimony of history, being competent for the one purpose, be considered upon another issue as to which it is hearsay of a self-serving character?

We think the rule in Ohio is that it may not be so used; and that, had the case gone to the jury, it would have been the duty of the court, if requested, to instruct the jury not to consider such evidence on the issue concerning which it was hearsay. And the court had the right, upon a motion to direct a verdict for the defendant, to disregard the said evidence on the issue as to which it was not relevant. *Stillwater Turnpike Co.* v. *Coover,* 25 Ohio St., 558; 1 Wigmore on Evidence (2 Ed.), Section 13, at page 159.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

STEVENS, P. J., and WASHBURN, J., concur.