DiMarzo, Appellee, *v.* Columbus Transit Co., Appellant.*

(No. 5321—Decided October 11, 1955.)

*Mr. Nelson Lancione,* for appellee.
*Messrs. Porter, Stanley, Treffinger & Platt* and *Mr. Bruce G. Lynn,* for appellant.

Hornbeck, J. This is an appeal on questions of law from a judgment of the Common Pleas Court for damages for personal injuries claimed to have been suffered by plaintiff by reason of the sudden stopping of a bus of the defendant company, in which plaintiff was riding as a passenger. The verdict of the jury was for $20,000, the full amount prayed for, and judgment was entered upon the verdict. Four errors are assigned. The weight of the evidence is not involved, nor is the amount of the verdict and judgment.

The first assignment of error is:

---

*Motion to certify the record overruled, January 18, 1956.

"The defendant was not permitted to develop the fact that plaintiff was seldom employed from 1938 to 1950."

We do not find that the court prevented counsel for defendant from developing any fact relative to the employment of plaintiff up to 1945, but on cross-examination these questions were put and answers made:

"Q. Miss DiMarzo, at approximately what year did you get out of school, your last year in Franklin School? A. I don't remember the year.

"Q. Would it have been about 1937 or '38? A. Around there I would say, I don't remember.

"Q. Before you went to beauty school, what jobs did you have?

"Mr. Lancione: Your Honor, I am going to object to anything before she became a licensed beautician.

"The Court: I don't think you need to go back before she went to beauty school."

There was no objection or exception to the ruling of the court, and this would preclude an assertion on appeal that the action of the court was prejudicially erroneous. No proffer was required as made upon the ruling on cross-examination. *Martin* v. *Elden*, 32 Ohio St., 282. However, testing the merit of the claim of appellant on this assignment we find from the petition that the sole basis of plaintiff's claim for damages relates to the effect of the injury upon her earning capacity as a licensed beautician. She prepared for that vocation in 1945. Thus, there was no claim on behalf of the plaintiff which would relate to her earning capacity prior to 1945, although the court could have admitted the testimony as it might reflect on her propensity to work. The test which must be applied on appeal as to the limits of cross-examination of a witness is well stated in the first paragraph of the syllabus of *Fabian* v. *State,* 97 Ohio St., 184, 119 N. E., 410:

"Reviewing courts will not reverse a judgment of a trial court because of a limitation of cross-examination of a witness, unless it clearly appears that there has been an abuse of discretion therein, resulting in manifest prejudice to the complaining party."

We are satisfied that the court did not abuse its discretion

in refusing to permit the evidence to be developed on cross-examination.

The second assignment of error is:

"The court prevented the defendant from confronting plaintiff with the questions asked her on a previous trial in which she had denied any difficulty arising from her alleged bus accident."

We cannot find the basis of this error exemplied in the record. Reference in the briefs of appellant is made to the record where this question was put and answer made:

"Q. Now, I want to be sure again about this condition that you have described here for the jury as to your physical condition, and your injuries which you claim resulted from this incident in January of 1949, and as I understand it, from what you say, there was no other injuries or sicknesses that you suffered during that period of time, is that correct? A. That is right."

An extended examination was made of the plaintiff, without objection, respecting her answers to questions put to her in a previous trial in another case not related to the instant claim. The answer to the question is definite and specific. The court merely prevented counsel from repeating the question which had already been answered. If there was a desire to impeach the witness, specific questions which had theretofore been propounded to her should have been asked of her and inquiry made as to whether she had made the answers appearing in the record. If counsel desired to impeach the witness in this respect he should have followed the approved procedure. This was not done, and we cannot hold that the court erred in any particular in its ruling in limiting the cross-examination in the particular of which complaint is made in the second assignment of error.

The third assignment of error is that: "the court prevented the defendant from inquiring from the plaintiff as to her visit to Dr. Sayers' office after plaintiff had testified on direct examination concerning her visit to Dr. Sayers' office."

As we understand this assignment of error, it is the claim of appellant, defendant below, that it was prevented from developing communications between plaintiff and Dr. Sayers, and that they were not privileged communications and should have

been admitted. The development from the record is as follows:

"Q. Your trip to Dr. Sayers' office was just about a month before your trial in the Beauty Shop case, was it not? A. I don't know.

"Q. Did you go to Dr. Sayers' office to receive treatment or examination for your alleged bus accident? A. No.

"Mr. Lancione: I am going to object, Your Honor. Mr. Lynn knows he can't ask her those questions.

"The Court: She answered 'No,' what is the next question?

"Q. Is that correct? A. I didn't hear you.

"Q. I would like to repeat the question.

"The Court: She answered 'No, she didn't go in'—they are not making any claim for that, so now let us go into something else."

That testimony and the questions do not indicate any purpose to inquire as to communications between the plaintiff and Dr. Sayers. When counsel insisted upon that right he should have put specific questions relating to the alleged communications. The court clearly was correct in holding that the answer to the question was conclusive that the plaintiff did not go to his office either to receive treatment or for examination for injuries growing out of the bus accident. The difficulty from appellant's standpoint is that the question sought to be urged is not made by the record. The court did not respond to the objection of Mr. Lancione and made no comment respecting the admissibility of communications between patient and the doctor. The court merely said that she had answered the question and insisted that counsel proceed.

The fourth assignment of error is: "The court admitted the testimony of Dr. Kackley in an answer to a hypothetical question when the facts on which the doctor based his answer * * * were not in evidence nor within his personal knowledge."

The cases are not in accord as to the admissibility of testimony of a physician based wholly or in part on the history of the case as related to him by the patient during a personal examination made for the purpose of qualifying the physician or surgeon to testify as a medical expert. Some of the cases hold that such testimony is inadmissible. *Toledo Ry. & Light*

*Co.* v. *Prus,* 7 Ohio App., 412; *McAndrews* v. *McAndrews,* 19 Ohio App., 262. A holding to the contrary is found in *City of Alliance* v. *Campbell,* 17 C. C., 595, 6 C. D., 762. However, the record discloses that Dr. Kackley testified as to what the plaintiff told him concerning the accident. True, it is quite meager, but the following examination took place:

"Doctor, do you have an opinion as to the causal connection between the condition in Miss DiMarzo's low back area and the bus incident which has been described to you?

"Mr. Lynn: Object.

"The Court: He may answer.

"The witness: Yes, I do.

"Q. What is that opinion, Doctor? A. I feel that it is actually the cause of her initial symptoms of which she complained to me.

"Q. In other words, you could say that her symptoms and the herniated disk, where it was located, and the reaction on her body are all consistent with this bus incident which she described?

"Mr. Lynn: Object.

"The Court: Overruled.

"The witness: Yes, they would be consistent with that."

The doctor was inquired of as to whether he took a history of Miss DiMarzo's case. He said that he did and that she told him she was complaining of back pain and leg pain; she told him that she had been injured in a bus accident, and that her back pain had been present since that time.

"Q. Did she tell you when the bus accident had occurred? A. She probably did, but I don't have it in my record here."

He said that his conclusion was drawn largely because of the trauma which it appeared had occurred to Miss DiMarzo. There was further development on cross-examination of the description of the accident which was known to the doctor.

"Q. Now, I think Mr. Lancione asked you something about would an accident, as described, or a bus accident as described to you by the patient, have been the cause of her back condition as you find it and I believe you said you thought that it would; I take it from that, that you mean that if a person was thrown from the seat of the bus onto the floor, or some such accident as

that, that that would cause a disk condition? A. Yes, that's right.''

Thus, upon the cross-examination more is developed of the description that was given to the doctor by the patient than was elicited upon the direct examination. In any event, the doctor said that upon the information which he had and which had been presented to the jury he was qualified to make his answer; if it was made upon inadequate, incomplete and insufficient facts, all that was developed before the jury. The testimony of Dr. Kackley would have been more effective had it been predicated upon a hypothetical question which set out fully the testimony of the plaintiff as to the manner of the occurrence of the accident causing her injury. However, we cannot say that the doctor did not have enough before him to express an opinion on the ultimate question as to the causal relation between the accident and the injuries which plaintiff claimed.

We find no errors assigned well made. The judgment is affirmed.

*Judgment affirmed.*

MILLER, P. J., and FESS, J., concur.

FESS, J., of the Sixth Appellate District, sitting by designation in the Second Appellate District.