SCOTT, APPELLEE, *v.* CAMPBELL, APPELLANT.

(No. 583—Decided July 18, 1961.)

*Messrs. Gardner & Acton,* for appellee.
*Messrs. McKee, Schwer, Hicks, Taggart & Wehler,* for appellant.

CRAWFORD, P. J. This appeal is taken from a judgment against defendant, appellant herein, in the sum of $5,000, for personal injuries resulting from an automobile collision which occurred on United States Highway No. 40, just west of Springfield on September 2, 1956.

Plaintiff, appellee herein, was thrown out of the automobile in which she was riding and her knees struck the pavement. Her chief complaint was injury to her right knee.

Defendant admitted liability. Consequently, the evidence at the trial was directed to the nature and extent of the injuries and their causal connection with the accident.

The first assignment of error pertains to the admission of evidence and is in three branches.

The first branch concerns testimony of the plaintiff as to a conversation between herself and her orthopedic surgeon, Dr. Francis C. Link, wherein the latter mentioned three possible courses of dealing with her injured right knee, namely, that there was no treatment, putting a fluid behind the knee cap, and possible removal of the knee cap. Such testimony is, of course, incompetent. 21 Ohio Jurisprudence (2d), 365, Evidence, Section 359.

Such testimony was given in response to the question, "Now what treatment did Dr. Link do for you over this period of five or six visits?"

The question was proper, but the witness included the objectionable testimony in her answer.

Upon objection, the court said:

"She may testify as to any symptoms she then felt and she explained to the doctor as an explanation for the treatment the doctor may then have thereafter have administered. But any running discourse with him in dialogue with respect to specula-

tion naturally would be improper. Up to this point I have felt that the questions and answers were not in violation or breach of that standard, that is the reason I allowed it. But counsel bear in mind please the standard the court has applied to this case in the questioning of this witness.''

There had been a request that the court instruct the jury to disregard the statement about possible removal of the knee cap. That was not specifically done, and the request was not renewed, but the comment of the court clearly indicates what portion of the testimony was proper and what improper.

The treatment actually applied was testified to by plaintiff and by Dr. Link. It was pointed out in argument that neither side in examining or cross-examining Dr. Link pursued the subject of other possible treatments. The pertinent facts were presented to the jury, and the rejection by the court of the statements complained of was adequately stated in the presence of the jury.

The second branch of the first assignment of error is that Dr. Link was permitted to testify as to the results of his examination of other individuals of like age as the plaintiff.

He had been testifying with regard to chondromalasia of the patella, the medical term applied to the condition of plaintiff's right knee, and the bearing thereon of age and trauma. He was asked:

''Q. Doctor, you testified that you found this condition in other individuals. Now, do you find that this condition, to the degree that it exists, in Mrs. Scott's right knee in other individuals at the age of 31 years old?''

Upon objection that the question was improper, the court said:

''On the face it may seem so, but the jury will be instructed to regard the answer only in that light in so far as it throws any light upon the plaintiff's present condition.''

The examination then continued as follows:

''Q. Do you understand the question doctor? A. I believe I do. I do not see many females in their early thirties with this primary complaint, except occasionally after trauma like Mrs. Scott has had.''

This was a general question, invoking the doctor's very considerable experience and observation, rather than the spe-

cific facts and findings pertaining to any other particular person. And the purpose for which the answer might be considered was properly limited.

The third branch of the first assignment of error complains that Dr. Link was permitted to give his opinion as to the cause of plaintiff's condition, in response to an incompetent and improper question and on facts not within his knowledge and not hypothetically stated.

Careful examination of the record reveals that the doctor's answer to the line of questioning here objected to stated plaintiff's present condition, that it was painful, that she had no pain prior to the injury but had pain afterwards, and that she had traumatic changes.

It is argued that the doctor based his opinion as to the causal connection between the accident and the claimed injury upon the statement made to him by plaintiff. We do not so construe his testimony. He testified, without objection, that as attending surgeon for purposes of treatment he received from the patient a history of the case, and this he may properly relate. 21 Ohio Jurisprudence (2d), 363, Evidence, Section 357; 21 Ohio Jurisprudence (2d), 511, Evidence, Section 491; 21 Ohio Jurisprudence (2d), 513, Section 492; 21 Ohio Jurisprudence (2d), 516, Section 494. Thus he learned from her, and so testified, that she had had a blow to her knee. But when he stated the bearing of trauma upon her condition he was expressing his own professional opinion. See *DiMarzo* v. *Columbus Transit Co.*, 100 Ohio App., 521.

Thus he testified as to his examination and observations. Having done so, it was competent for him to give an opinion based upon such findings. 21 Ohio Jurisprudence (2d), 454, Evidence, Section 442. In that situation it is unnecessary to propound a hypothetical question to the attending physician or surgeon. The purpose of a hypothetical question is to bring before an expert for his opinion facts of which he has no personal knowledge. 21 Ohio Jurisprudence (2d), 437, Evidence, Section 428.

We find no merit in the first assignment of error.

The second assignment of error is the refusal to give to the jury before argument defendant's special instruction No. 1, which reads as follows:

"In fixing the amount of damages to be awarded to the plaintiff in this case the jury is instructed that it should banish all sentiment, feeling, sympathy or prejudice for or against either of the parties in this cause. Your verdict should be in such amount as will fully compensate the plaintiff for the injuries she has received through the admitted fault of the defendant, and nothing more, and there are to be no amounts added thereto by way of punishment of the defendant."

The plaintiff points out that inasmuch as there was no issue of punitive damages in the case, this special charge was inappropriate.

The precise question before us is not whether it would have been error to give the charge, but whether it was error to reject it.

Two other requested special instructions were given. One stated that although plaintiff received hospital and medical treatment, such special damages were not pleaded and could not be considered. The other set forth the proper elements which were to be considered in fixing the amount of damages.

The subject of damages being adequately covered in these other special instructions, and punitive damages not being in issue, it was not error to refuse the requested special instruction above quoted. See 39 Ohio Jurisprudence, 1048 *et seq.*, Trial, Section 324; 39 Ohio Jurisprudence, 1036 *et seq.*, Trial, Section 318.

The third assignment of error is that the court refused to control plaintiff's counsel's alleged misconduct in argument.

The arguments are contained in the bill of exceptions. They are mild and genteel in comparison with many we have heard and read. Defendant's counsel had said:

"I can't help but feel these cases. It's too bad some people like to take advantage of another's mistake.

"Now, if you will examine the claims of plaintiff I think that you will find that from the beginning to the end we have a complete overstatement and exaggeration of injuries."

At the conclusion of this argument, counsel for plaintiff took exception to the observation quoted, and added:

"Here we have conduct so flagrant in nature as to induce an admission of liability!"

Upon defendant's objection to that statement, the counsel

who made it said, "Sorry, your Honor." And there was no repetition of the words or argument objected to.

Hence no further action was required of the court.

The fourth and last assignment of error is that the verdict and judgment are against the manifest weight of the evidence.

The testimony of the medical experts called on the two sides was in sharp conflict, both as to the condition of the plaintiff, and as to its cause. If the jury chose to believe the evidence in behalf of the plaintiff, that evidence was adequate to support a reasonable verdict in her favor.

Diligent effort was made to point out inconsistencies in plaintiff's case, both in her evidence and in her pleadings. But we find nothing so serious as to require the jury to reject the substance of her claim. The evidence adduced in her behalf appears adequate to support the verdict.

As to the amount proper and adequate to compensate this thirty-one year old plaintiff, otherwise and theretofore in good health, for her pain and suffering and for what her orthopedic surgeon testified was a permanent disability, is open to a difference of opinion. The verdict of $5,000 is not so large as to indicate that it was arrived at through passion and prejudice, and we find no other indication that such elements entered in.

Defendant believes half the amount awarded would have been generous. We cannot say that the amount actually awarded was against the manifest weight of the evidence.

A few other circumstances occurring at the trial were mentioned in the briefs, but not extensively argued. Careful examination discloses no prejudicial error in any of these connections and indicates to us that substantial justice has been done.

No error prejudicial to the defendant-appellant herein appearing in the record, the judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

KERNS and SHERER, JJ., concur.