John **THORNTON**, Otis Sumler, Charlie Harris, Roland Owens and H. Lee Kanter, Committee for York Bryant, Appellants,

v.

**VICTORY CARRIERS, INCORPORATED**, Appellee.

No. 9512.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 9, 1964.

Decided Nov. 16, 1964.

The vessel was not attached, but her owner was summoned, and impleaded Whitehall Terminal Corp., libelants' employer. The cases were consolidated for trial and resulted in judgment decrees in favor of each libelant against Victory Carriers, Inc. and in favor of that company for indemnity against the Whitehall, pursuant to an opinion filed by the district judge. Gainar v. SS Longview Victory, E.D.Va., 226 F.Supp. 912. Gainar was awarded $219,147.65 and did not appeal. Thornton, Sumler, Harris and Owens, who were awarded sums ranging from $1,750 to $4,000, and the Committee for York Bryant, who was awarded $56,-540.40, have appealed alleging that the district court erred (1) in refusing to accept the testimony of Dr. Donald M. Levy, who was offered by libelants as a rebuttal witness and in refusing to permit libelants to tender his testimony for the record; (2) in permitting respondent's witness Dr. Bilisoly to testify "at large" as to the effects of carbon monoxide and in not confining his testimony to the facts of the individual cases by means of hypothetical questions; (3) by arbitrarily disregarding unrebutted, uncontroverted evidence and making unsubstantiated findings of fact; and (4) in making clearly erroneous findings and conclusions with respect to the degree of injury and damage suffered by each of the libelants.

After considering the statements made by proctors for libelants on the record at the time they proposed to call Dr. Levy and in their "motion for court to entertain rebuttal testimony", filed shortly thereafter, along with the evidence theretofore offered by the several parties, we agree with the district judge that the proposed testimony was not rebuttal evidence, but dealt with matters which had been covered in testimony offered on behalf of libelants in their case in chief. The judge did not abuse his discretion in refusing to receive the so-called rebuttal evidence or in refusing to allow libelants the right to take the testimony of Dr. Levy by a deposition de bene esse.

Leonard B. Sachs and H. Lee Kanter, Norfolk, Va. (Kanter, Kanter & Sachs, Norfolk, Va., on brief), for appellants.

William B. Eley, Norfolk, Va. (Rixey & Rixey, Norfolk, Va., on brief), for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and THOMSEN, District Judge.

THOMSEN, District Judge.

The five appellants herein and Claude Gainar, another longshoreman, filed six separate libels in rem against the SS Longview Victory, and in personam against her owner, Victory Carriers, Inc., claiming damages for injuries received from carbon monoxide while loading the vessel in the harbor of Hampton Roads.

■■ The other points are entirely without merit. A medical expert may be asked to give the court the benefit of his medical knowledge so far as it may be relevant and material to an issue before the court; it need not be brought out by hypothetical questions. The district judge evidently did not find credible all of libelants' evidence; his findings of fact were neither arbitrary nor clearly erroneous, and he applied proper legal principles.

Affirmed.