John THORNTON, Libelant,

v.

VICTORY CARRIERS, INC., Respondent.

Otis SUMLER, Libelant,

v.

VICTORY CARRIERS, INC., Respondent.

Charlie HARRIS, Libelant,

v.

VICTORY CARRIERS, INC., Respondent.

Roland OWENS, Libelant,

v.

VICTORY CARRIERS, INC., Respondent.

York BRYANT, etc., Libelant,

v.

VICTORY CARRIERS, INC., Respondent.

Nos. 8201–8203, 8211, 8212.

United States District Court
E. D. Virginia,
Norfolk Division.
June 10, 1965.

Kanter, Kanter & Sachs, H. Lee Kanter, Norfolk, Va., for libelants.

Rixey & Rixey, William B. Eley, Norfolk, Va., for defendant.

WALTER E. HOFFMAN, District Judge.

The single issue remaining in these actions pertains to the taxation of costs on appeal by reason of separate appeals filed by the libelants who complained as to the inadequacy of damages allowed by the District Court. The mandate, on affirmance by the Court of Appeals, 338 F.2d 959, merely provides as follows:

> "Costs of Appellee [Victory Carriers, Inc.]: Proctor's docket fee as provided in section 1923(a); and cost of printing brief as provided in section 1923(c), Title 28, United States Code. Plus cost of printing appendix to brief at not exceeding $3.00 per printed page."

We are only concerned with the question of proctor's fees. Stated otherwise, should a separate proctor's fee of $100.00 be taxed in each of the five cases which were considered jointly by the Court of Appeals under briefs filed by the parties dealing with all five cases jointly?

An effort was made to obtain an interpretation of the Court of Appeals mandate from that Court, but the Clerk advised that since the matter may come before that Court on appeal, the Court of Appeals did not wish to express an opinion on the question presented.[1] It, therefore, becomes the duty of the District Court to interpret the Court of Appeals mandate.

In the District Court, separate actions were filed by six libelants;[2] four cases

---

1. Rule 21(6) of the Fourth Circuit Court of Appeals provides as follows: "When costs are allowed in this court it shall be the duty of the clerk to insert the amount thereof in the body of the mandate, or other proper process, sent to the court below."

2. One libelant, Gainar, did not appeal.

having been filed on June 20, 1961, and two cases on July 20, 1961. The cases were heard together as the liability issue was identical in each case. An opinion was filed carrying the caption of each case, discussing the liability phase as one issue, and separately considering the damages as to each libelant. Separate final judgments in favor of the libelants were entered on February 14, 1964, pursuant to the suggestion in the District Court opinion which said:

> "*Separate Decrees*
>
> "While these actions were consolidated for trial, the Court is confident that, as in most cases, the results obtained will not satisfy the respective parties. In order that separate appeals may be noted, separate decrees shall be presented. The cases may then be heard together on appeal."

■ While the taxation of costs pertaining to docket fees is largely discretionary, this Court, in the absence of any controlling decision from the Fourth Circuit, is of the opinion that separate proctor's fees should be assessed. Separate proctor's fees were taxed in favor of each libelant in the District Court. The respondent tendered full payment of all judgments on March 20, 1964. Separate notices of appeal were filed by five libelants on May 6, 1964. The issue on appeal was confined to damages, all of which required separate consideration. While the Court of Appeals affirmed, it was within the province of that Court to affirm in one or more cases and reverse in the remainder.

We are persuaded by the one pronouncement of the United States Supreme Court in Title Guaranty & Trust Co. of Scranton, Pa. v. Crane Co., 219 U.S. 24, 35, 31 S.Ct. 140, 142, 55 L.Ed. 72, which involved an action upon a bond given to the United States in connection with a contract for the construction of a vessel. Various laborers and materialmen filed claims and the Court said:

> "The allowance of a docket fee of $10 to each claimant appears to us

to be correct. Rev.Stat. § 824 * * *. The claims are several and represent distinct causes of action in different parties, although consolidated in a single suit."

The Admiralty Rules make no specific provisions with respect to costs other than travel expenses of witnesses under Rule 47. The Local Rules contain no reference to costs in actions consolidated for trial, but a stipulation for costs is required for each libel filed. Rule 6 (b), Rules of the United States District Court for the Eastern District of Virginia. More recently, the Admiralty Rules have shown a tendency to be brought in line with the Federal Rules of Civil Procedure. Under Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C., it is said:

> "Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs * * *."

Under 28 U.S.C. § 1923(a) it is stated:

> "Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows:

> "$20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases, except that in cases of admiralty and maritime jurisdiction where the libelant recovers less than $50 the proctor's docket fee shall be $10; $20 in admiralty appeals involving not over $1,000; $50 in admiralty appeals involving not over $5,000; $100 in admiralty appeals involving more than $5,000."

In 3 Benedict on Admiralty, p. 233, § 438, it is stated that "where several libels against the same party or property are consolidated into one suit, it is the usual practice to allow a docket fee and full bill of costs to each libelant recovering in the consolidated proceedings." This is what was done on the District

Court level—uniformity compels like treatment on the appellate level. Each libelant was not required to appeal and, in fact, one decree rendered by the District Court was paid and accepted without an appeal.

Very little can be found with respect to costs involving proctor's docket fees on appeal. In The Rabboni, D.C.Maine, 53 F. 948, there was a libel and cross-libel involving a collision of two vessels. The District Court held in favor of The Rabboni. On appeal to the Circuit Court for the District of Maine [3] the decree of the lower court was modified by a finding that each vessel was at fault. The Rabboni, 53 F. 952. On a subsequent appeal to the United States Court of Appeals for the First Circuit, 81 F. 239, involving two cases with libels and cross-libels, the appellate court dismissed the libel of The Rabboni and awarded full recovery to The Nellie E. Rumball with "[c]osts in this court are adjudged to the owners of The Nellie E. Rumball." On a later appeal from the clerk's taxation of docket fees pertaining to two appeals and two cross-appeals, it was held that two docket fees should be allowed in accord with the practice in the Supreme Court to tax only one fee in the case of an appeal and a cross-appeal where the cases are heard together upon the same evidence. The Rabboni, 1 Cir., 84 F. 681.

■ The foregoing establishes very little guideline to control the present case as the settled rule is that, in collision cases presenting a libel and cross-libel, only one docket fee is allowed. There is some doubt as to the authority of a District Court to interpret the costs assessed by the mandate of the Court of Appeals, but since the Court of Appeals has declined to act, some action must be taken to terminate the litigation.

Since the submission of these cases to the Court of Appeals, the Fourth Circuit has adopted a new rule pertaining to multiple appeals. Each case is treated separately, even though argued together. Separate docket fees are collected; separate docket sheets are maintained. While it cannot be contended that this new rule has any application to the issue now before this Court, it gives us some guidance as to separate proctor's fees. Undoubtedly separate proctor's fees would be allowed if the appeals had been perfected after the adoption of this rule. We see no reason why it should not be invoked under the present circumstances.

■ We think, however, that a proctor's fee in the sum of $100.00 is only allowable in No. 8212 where the recovery was well over the sum of $5000.00. As to the other four cases the recovery was less than $5000.00 but more than $1000.00 and the proctor's fee in each of these four cases should be $50.00. While it is true that the libelants were seeking an increase in the damages allowed by the District Court, and to that extent the appeals "involved" more than $5000.00 as the damages asserted in each libel were well in excess of $5000.00, when we read 28 U.S.C. § 1923(a) we note that the proctor's docket fee is tied in with the amount of the recovery.[4] In the absence of any authority to the contrary we conclude that the fee allowed on appeal relates to the amount of the recovery and not to the damages sought in the libel. This question was not considered by proctors in their brief (and inadequate) discussion of the issue presented but we believe that this is a reasonable interpretation of the statute.

Present order.

3. Not to be confused with the Circuit Court of Appeals. The decision was in 1892 under a different federal judiciary system as now exists.

4. As this Court interprets 28 U.S.C. § 1923(a), if a libelant recovers nothing in the District Court, and the decree is thereafter affirmed or reversed, the proctor's docket fee in the Court of Appeals should be $20.00. Of course, a docket fee is similarly taxable in the District Court.