KRENGER, APPELLANT, *v.* PALMER, APPELLEE.

[Cite as Krenger v. Palmer, 9 Ohio App. 2d 9.]

(No. 5789—Decided December 28, 1966.) ,

Mr. *Steven F. Sancic* and Messrs. *Romweber & Romweber,* for appellant.

Messrs. *Wise, Roetzel, Maxon, Kelly & Andress* and Mr. *K. R. Aughenbaugh,* for appellee.

HUNSICKER, J. In this appeal on questions of law, complaint is made that the verdict rendered by the unanimous vote of the jury is inadequate. We have examined the bill of exceptions with particular reference to that assignment of error and the claimed error in allowing an examining surgeon to give his opinion without the use of a hypothetical question.

The low verdict given by the jury is due to the fact that the jurors did not accept the story of the plaintiff, Mrs. Krenger (appellant herein), relating to the extent of her injuries resulting from an automobile accident, nor the testimony given by her medical witnesses. The jurors did believe, and accept, the view of Dr. Roberts, a surgeon who examined the plaintiff for the purpose of giving testimony at the trial as a defense witness.

The claim of an admission of liability by counsel for the defendant that a greater sum is due the plaintiff is not before us, for the bill of exceptions shows no such admission.

In the instant case, the surgeon who examined Mrs. Krenger for the purpose of testifying in behalf of the defendant, Charles H. Palmer, took a statement from her with reference

to the manner in which she claimed to have sustained her injuries. He elicited from her the claim that she still suffered from the injuries thus sustained in the accident. With this information, and the surgeon-witness's personal physical examination of Mrs. Krenger, he was permitted to give an opinion as to the permanent nature of such injuries.

Counsel for Mrs. Krenger insist that to permit Dr. Roberts to thus testify as an expert without propounding a hypothetical question, stating all the claimed facts of the case, is error prejudicial to the substantial rights of Mrs. Krenger. We do not believe so.

In 2 Jones on Evidence (5th Ed.) 792, Section 420, the author, citing many authorities, says:

"If the expert has not personal knowledge of the facts, the question calling for his opinion should be hypothetical in form. On the other hand, where his opinion is based upon his personal knowledge or observation, and not upon facts in evidence and assumed to be true for the purposes of the opinion testimony, it is not necessary that the question should be hypothetical in form. Nor need the witness detail to the jury all that he has observed. A familiar illustration of this practice is where a physician is called to give his opinion as to the mental or physical condition of one whom he has examined."

20 American Jurisprudence 665-666, Evidence, Section 793, says, citing authority:

"The rule requiring the statement of hypothetical facts to an expert witness has no application to questions calling for the conclusion of one who has personal knowledge of the subject of the inquiry. If the witness called upon to give expert testimony is acquainted with the facts of the case—that is, if he has personal knowledge or has made personal observation— he may give his opinion upon the basis of his knowledge and observation in response to direct interrogation, provided he is shown to have sufficient knowledge of the facts to enable him to form an opinion entitled to be given weight by the jury and, according to the weight of authority, provided the witness first testifies to the facts in his own knowledge upon which his opinion is based * * *."

The rule with respect to the need for a hypothetical question in the interrogation of an expert is stated as follows:

"* * * In the examination of an expert there are two proper methods of interrogation: *First,* where the expert is familiar with the facts by personal observation and so testifies, he may be asked directly for his opinion without stating the facts upon which it is based; *second,* where the expert is not familiar with the facts upon which his opinion is based, they must be stated to him hypothetically, and upon the assumption of the facts so stated he must base his opinion * * *." *Christastic* v. *Elmira Water, Light & Rd. Co.,* 202 App. Div. 270, at 272, 195 N. Y. S. 156.

See, also: *Thornton* v. *Victory Carriers, Inc.,* 338 F. 2d 959; *O'Donnell* v. *Oliver Iron Mining Co.,* 273 Mich. 27, 262 N. W. 728; *Marshall* v. *Sellers,* 188 Md. 508, 53 A. 2d 5; 21 Ohio Jurisprudence 2d 434, Section 425; and II Wigmore on Evidence 798, Section 678.

"* * * The purpose of a hypothetical question is to bring before an expert for his opinion facts of which he has no personal knowledge * * *." *Scott* v. *Campbell,* 115 Ohio App. 208, at 211.

See, also: *DiMarzo* v. *Columbus Transit Co.,* 100 Ohio App. 521.

We have in this case a situation different from that existing in the case of *Pennsylvania Co.* v. *Files,* 65 Ohio St. 403, and in the case of *McAndrews* v. *McAndrews,* 19 Ohio App. 262, for in those cases the medical expert was called in behalf of the plaintiff. See: *Jones* v. *Goodyear Tire & Rubber Co.,* 59 Ohio App. 371; and *Ricks* v. *Jackson,* 108 Ohio App. 466, at 468-469.

The judgment in this case is clearly a result of the failure of the jury to accept the story told by Mrs. Krenger. The jurors could have accepted either version of the result of the collision.

We have examined all the claimed errors and find none prejudicial to the substantial rights of the plaintiff, appellant herein. The judgment must be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and BRENNEMAN, J., concur.